[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
The plaintiff has moved to set aside the verdict on the grounds that the defense counsel made improper and prejudicial comments during the trial and closing argument regarding the plaintiff's right to sue; regarding his personal opinion; and regarding the speed of the plaintiff's vehicle.
During examination of the defendant her counsel asked such questions as whether she was angry about being sued; angry about being "dragged back from New Jersey to the State of Connecticut" and similar remarks. (T1 pp. 40, 41 and 42). He later argued that "Plaintiff is suit happy . . . looking for a handout . . . this type of lawsuit must stop . . . this type of conduct must stop. " (T2 pp. 43-44).
It was not proper for counsel to ask these questions of the CT Page 6624-LL defendant, since they had no probative value whatsoever. There was no evidence in the case to support such comments by counsel as to the attitude of the plaintiff being "suit happy" or "looking for a handout."
Such remarks by counsel were entirely inappropriate and highly prejudicial. Furthermore there was no evidence to even suggest that the plaintiff did anything other than bring a civil action to recover for her injuries in this case. To say she was "suit happy" suggests that she had brought other lawsuits. There was no evidence that this was anything but her one and only case. Furthermore, the comment that she was "looking for a handout" was entirely unfair because she was on welfare thereby suggesting that her claim was more likely to be spurious.
Defense counsel's remarks during argument admonishing the jury to "stop . . . this type of lawsuit and this type of conduct" and further comments telling the jury to "send a message so we won't have this type of activity" were all attempts to convey to the jury that an award to the plaintiff was harmful to the juror's self-interests. This type of argument was prejudicial and improper. CT Page 6624-MM
Finally, the plaintiff moves to set aside the verdict because the defense counsel asked questions regarding the speed of the plaintiff's vehicle and persisted in improper questioning and remarks concerning speed after the court had directly ordered him to terminate this type of examination. The plaintiff claims that it would be impossible for the jury to disregard defense counsel's improper suggestions of unreasonable speed, although there was no evidence to support such claims.
Counsel for the defendant constantly argued in front of the jury that the plaintiff's speed was excessive. He referred to skid marks and damage to the vehicles after the court sustained objection to such questions of witnesses not competent to interpret the speed of a vehicle from such evidence. The only evidence permitted as to speed was that of a witness, Auril R. Michaud, who was permitted to state that the plaintiff's vehicle "was moving rather fast." (T1, p. 5). The witness also testified that he was unable to estimate a speed in miles per hour. (T1, p. 15). Over objection he was also permitted to testify that he felt that the plaintiff was going faster than 35 miles an hour. (T1, pp. 15-16), which was the CT Page 6624-NN posted speed limit.
There was no other evidence of speed presented by either party except for the plaintiff's testimony that her speed was no more than 35 miles per hour. However, the defense counsel made repeated comments regarding speed based upon the physical evidence even after the court sustained plaintiff's objection to such comments. (T2, pp. 30, 31, 32 and 37). Furthermore, after a recess that followed defense counsel's final argument, in the presence of the jury, he asked the court to instruct the jury that they should consider skid marks and the condition of the vehicles after the collision as evidence of speed. (T2, p. 47).
The court agrees with the plaintiff that defense counsel's arguments regarding speed based upon physical evidence was improper. Expert testimony was necessary to determine speed from the skid marks and damage to the vehicles. Toomey v. Danaher, 161 Conn. 204 (1971); Waldron v. Raccio, 166 Conn. 608
(1974). Since there was no expert testimony regarding speed it was improper argument for counsel to tell the jury that they could determine speed on their own from skid marks and damage CT Page 6624-OO to vehicles.
The comments of counsel regarding speed were flagrantly prejudicial to the plaintiff. A verdict should be set aside if there has been manifest injury to a litigant. Yeske v. Avon Old Farms School, Inc., 1 Conn. App. 195 (1984). In this case the court finds that the argument of defense counsel jeopardized the right of the plaintiff to a fair trial since such remarks went far beyond legitimate comments upon the evidence. Indeed they were based upon evidence which had been explicitly excluded by the court.
The court also agrees with the plaintiff that the comments of defense counsel about the plaintiff being "suit happy" and "look for a handout" were totally without basis in the evidence and highly prejudicial. By saying that the plaintiff was "suit happy" and "looking for a handout" he suggested that the plaintiff fabricated her injuries. The court finds there was no basis in the evidence for such arguments. It was therefore inappropriate for counsel to suggest that the plaintiff's claim was one of many (suit happy) or fraudulent (looking for a handout) absent a clear basis in the evidence for such an allegation. Delott v. Roraback, 149 CT Page 6624-PP Conn. 406 (1980).
Remarks of defense counsel which suggested that the jurors had a personal stake in the litigations were also improper. He told the jurors to "send a message to the public by not granting or rewarding dollars to this Plaintiff so that we won't have this type of activity." "We say this type of law suit must stop. We say this type of conduct must stop. " (T2, p. 44).
Such argument by counsel suggested to the jurors that a verdict for the plaintiff could impact them, thus improperly appealing to their own self-interest. The obvious conclusion to be drawn from such comments is that a plaintiff's verdict will adversely affect the jurors themselves financially.
"A well established rule is that a statement made by counsel, not under oath, of a material fact pertinent to the issues unsupported by evidence, and prejudicial to the opposing party constitutes reversible error, unless it appears that the prejudicial effect has been averted by an instruction to disregard the statement or otherwise. . . ." Fonck v. Town of Stratford, 24 Conn. App. 1
CT Page 6624-QQ (1991). No such instruction was given in the instant case.
In conclusion the court finds that the conduct of defense counsel was pervasively improper, causing manifest prejudices against the plaintiff and in disregard of the court's rulings with respect to speed in particular. Defense counsel's remarks accusing plaintiff of being an abuser of the court system, without evidence, was detrimental to the plaintiff. He also engaged in improper argument concerning the self-interest of the jurors.
Any one of the above would require the court to set aside the verdict. Taken together the conduct absolutely mandates it.
The verdict hereby set aside and a new trial is ordered.
Hurley, J.