HAROLD BRYAR *v.* RAYMOND WILSON

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 13—decided November 10, 1964

*Snow G. Munford,* for the appellant (defendant).

*John P. McKeon,* for the appellee (plaintiff).

SHANNON, J. This negligence action was brought by the plaintiff as a result of a collision between the automobile which he owned and was driving and the automobile which the defendant owned and was

driving. The plaintiff offered evidence and claimed to have proved that he sustained a fractured jaw and also a fracture of the left arm which resulted in a deformity and a 15 percent permanent partial disability. At the time of the accident the plaintiff was a self-employed carpenter, was forty-three years old and was earning $160 a week. He was out of work for two months as a result of his injuries and incurred medical expenses of $604.50. It was stipulated that the damage to his car required repairs in the sum of $811. Interest thereon to the date of the trial amounted to $296.

The jury returned a verdict of $3000 for the plaintiff which the court did not accept but said: "I think probably, ladies and gentlemen, I might send you back to reconsider. If you resolved the question of liability in favor of the plaintiff, I think it might be on the low side. The property damage comes to—I think it's $1107. If you found liability in this case . . . then you awarded damages of $1893 for personal injury—I think actually you might—I would like to have you go back and reconsider the verdict under the statute, if you will. That doesn't mean that you have to change your minds in the case, but I would like to have you go back and you may deliberate and then come in again." The jury retired and after further deliberation returned a verdict for the plaintiff for $7500, which the court accepted.

The defendant assigns error in the court's refusal to grant his motion for a mistrial on the ground of improper argument. There was no request by either counsel to record the arguments, and so the exact words spoken are not known. The defendant's counsel claimed that the plaintiff's counsel had "gone right into" insurance in his argument; that he

stated in so many words that there are some jurors who feel that plaintiffs are fakers trying to bilk insurance companies, and that he referred to insurance repeatedly. The court intervened to say: "He was stopped the moment you made the motion." The defendant's counsel replied: "But he had gone into it." The court said: "He said that some jurors think insurance companies are being bilked. Now, what else was there?" The defendant's counsel replied: "He said insurance is in this picture, but I didn't want to bring it in, but Mr. Wilson [the defendant] brought it in, and he said they should not be moved by the fact that insurance is in the case." The defendant's counsel also said: "I think the argument has been very inflammatory and prejudicial. . . . That's improper argument." The court submitted the case to the jury and in its charge informed them that insurance had absolutely nothing to do with the case, that counsel had mentioned it in argument and was stopped and admonished, and that they, the jury, were also then instructed to pay no attention whatsoever to any argument about insurance—as to payment of insurance claims—or anything of that nature whatsoever, that under our jurisprudence they were to decide the facts in the case solely on the evidence which had been offered in the courtroom, and that they were to apply the law given to them by the court to those facts in reaching a verdict.

The time when the mere mention of insurance before a jury in the trial of a negligence case automatically called for a mistrial has long since passed. See *Antel* v. *Poli,* 100 Conn. 64, 75, 123 A. 272; *O'Connor* v. *Zavaritis,* 95 Conn. 111, 115, 110 A. 878; Segal, " 'Insurance'—a Nasty Word," 31 Conn. B.J. 87, 100. A deliberate attempt by counsel to create

a prejudice in the minds of the jury, however, is another matter and may justify the trial court in granting a motion for a mistrial as a punitive measure. *Furber* v. *Trowbridge,* 117 Conn. 478, 481, 169 A. 43.

The trial court is invested with a large discretion with regard to arguments of counsel, and we should interfere only where that discretion was clearly exceeded or abused to the manifest injury of some party. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899; *James* v. *Bowen,* 83 Conn. 702, 706, 78 A. 420. The discretion should be exercised most carefully. Here, the jury's first verdict in the amount of $3000, which the court considered "might be on the low side" indicated that the jury had not been prejudiced in favor of the plaintiff by his counsel's grossly improper argument. The court's instructions were proper, restrained and apparently effective in producing a just result. Under the circumstances, the verdict, in view of the jury's reconsideration and the trial court's denial of the motion to set it aside, the reasons for which were set forth in a carefully prepared memorandum, should not be disturbed.

The other errors assigned require little discussion. The paragraphs sought to be added to the finding would have added nothing material to it. The admission of three of the plaintiff's exhibits for the limited purposes stated was not erroneous. The case of *Stephanofsky* v. *Hill,* 136 Conn. 379, 384, 71 A.2d 560, does not support the defendant's position.

There is no error.

In this opinion the other judges concurred.