FRANK FONCK, JR., ET AL. *v*. TOWN OF STRATFORD ET AL.
(9049)

DALY, CRETELLA and LANDAU, Js.

Argued December 6, 1990—decision released January 22, 1991

1

*Laurence V. Parnoff,* for the appellants (plaintiffs).

*George W. Boath, Jr.,* special assistant town attorney, with whom, on the brief, was *Richard P. Gilardi,* assistant town attorney, for the appellees (defendants).

DALY, J. The plaintiffs[1] appeal from the trial court's judgment for the defendants. They claim that the trial court failed (1) to give a *Secondino* charge[2] regarding one of the defendants, Thomas Knowles,[3] (2) to allow the introduction of depositions into evidence, and (3) to give a cautionary instruction concerning an improper closing argument made by the defendants' counsel. We agree with the plaintiffs' third claim and therefore reverse. Because our decision regarding the third claim is dispositive of the case and the other two claims may not arise again in a new trial; see *State* v. *Plourde,* 208 Conn. 455, 457 n.2, 545 A.2d 1071 (1988), cert. denied, 488 U.S. 1034, 109 S. Ct. 847, 102 L. Ed. 2d 979 (1989); we will not address them.

Briefly, the evidence presented to the jury could have led to the following factual findings. On July 14, 1983, the named plaintiff was nine years old and a registered enrollee of the summer recreation program at High Park, located in Stratford. While watching a baseball game at High Park that day, he was struck in the eye by a baseball and severely injured.

[1] This action was instituted on behalf of the minor plaintiff, Frank Fonck, Jr., by his father, Frank Fonck, Sr., who also claimed to have incurred expenses.

[2] Under the rule of *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960), a party is entitled to an adverse inference instruction regarding an opponent's missing witness provided that the party requesting the instruction first presents evidence that the missing witness is available to testify and is a witness whom the opposing party would naturally produce.

[3] The other defendants in this action are Thomas Knowles, director of the Stratford recreation department, Gregory Dobosz, supervisor of Stratford recreation counselors, and Edward Yoemans, superintendent of Stratford parks.

In a six-count complaint, the plaintiffs alleged negligence, negligent supervision and nuisance against the defendants. From a jury verdict rendered in favor of the defendants, the plaintiffs appeal.

During the closing argument of the defendants' counsel, the plaintiffs objected to the following comments: "But here's the problem. If juries start awarding verdicts against coaches, against schools or against towns that have the fields, there's no question that you're not going to have any injuries, but you're not going to have sports or competitive sports." The court overruled the plaintiffs' objections and refused to render a curative instruction despite the plaintiffs' request both at the time of his objection and, later, at the end of the court's charge to the jury. The court responded to the latter request for a curative instruction by stating that it relied on its charge as rendered.[4]

"A well established rule is that a statement by counsel, not under oath, of a material fact pertinent to the issues unsupported by evidence, and prejudicial to the opposing party, constitutes reversible error unless it appears that the prejudicial effect has been effectively averted by an instruction to disregard the statement, or otherwise. . . . It is the duty of [this court] to weigh the probable effect of the statement upon the issues of the case, then look to the action of the trial court in dealing with it, and if it is reasonably clear that the effect has not been eliminated, reversal is required." (Citations omitted.) *State* v. *Santello,* 120 Conn. 486, 490–91, 181 A.2d 335 (1935).

---

[4] The court instructed the jurors in the following excerpts, which we cannot say properly addressed defense counsel's improper comments:

"[W]hat I may say concerning the facts in this case or what the lawyers have said about the facts are in no way binding on you . . . . [D]o not consider anything but the evidence that you heard in this case, how this accident happened. . . . [O]nly the evidence, no guesswork, no other influence should be on your decision except what you heard from the witnesses and what you derive from the verdicts."

Counsel may not comment on or suggest inferences from facts not in evidence. *State* v. *Huff*, 10 Conn. App. 330, 341, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987). Here, defense counsel introduced or suggested for consideration the financial burdens that towns like Stratford suffer from personal injury suits. Counsel also suggested that the jurors' decision could adversely impact town parks and recreation programs. In doing so, he appealed to not only whatever civic sympathies they might harbor but also their self-interest as taxpayers and patrons of parks and recreation programs. This form of argument was highly improper and clearly inappropriate. See, e.g., *Atchison* v. *Lewis*, 131 Conn. 218, 223, 38 A.2d 673 (1944); *Frohlich* v. *New Haven*, 116 Conn. 74, 76–78, 163 A. 463 (1932).

Where, as here, counsel's comments to the jury were clearly improper and prejudicial, the impact of the improper arguments can usually be nullified by the court's curative instruction. See *Spiess* v. *Traversa*, 172 Conn. 525, 528, 375 A.2d 1007 (1977) (although inferences to the plaintiff's poverty, large family and mentally impaired child approached unfair prejudice, the court's curative instruction remedied any that could have resulted); *Bryar* v. *Wilson*, 152 Conn. 162, 164–65, 204 A.2d 831 (1964) (court's curative instructions were effective in overcoming any prejudice induced by counsel's improper arguments). Despite the plaintiff's request both at the time of his objection and after the court completed its charge, no curative instruction ever addressed the defense counsel's improper comments. Without such instruction, it is reasonable to conclude that the prejudicial effect was not eliminated. The court's general instructions; see footnote 4, supra; failed to provide a sufficiently potent cure for the harm caused here. Furthermore, by overruling the plaintiff's

objection and by refusing to grant a curative instruction at the time when the prejudicial comments had just been made, the court may have inadvertently added weight to the defendants' improper arguments, seemingly approved their purpose and thus increased their effect. *Bryar* v. *Wilson,* supra, 163–64.

The trial court is invested with a large measure of discretion regarding arguments of counsel. *Bryar* v. *Wilson,* supra; *State* v. *Huff,* supra. The court's failure to address these improper comments in any effective fashion overstepped the bounds of that discretion. Our review of the record leads us to conclude that the attempt by the defendants' counsel improperly to prejudice the jurors minds so tainted the verdict as to warrant a new trial for the plaintiff. Cf. *Bryar* v. *Wilson,* supra.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.