## JANE KRUPIEN *v.* PRYIA RAI
## (AC 18305)

Foti, Lavery and Vertefeuille, Js.

Submitted on briefs September 15—officially released December 28, 1999

*William S. Palmieri* filed a brief for the appellant-appellee (plaintiff).

*Cynthia A. Watts* filed a brief for the appellee-appellant (defendant).

*Opinion*

VERTEFEUILLE, J. The plaintiff, Jane Krupien, appeals from the trial court's judgment rendered for

the defendant, Pryia Rai, after a jury trial.[1] The plaintiff brought this action alleging that she sustained personal injuries when the car in which she was a passenger was struck by a car operated by the defendant. On appeal, the plaintiff claims that the court improperly overruled her objection to a portion of the defendant's closing argument and failed to give a curative instruction to the jury concerning the argument. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. On August 3, 1991, the plaintiff was a passenger in a vehicle driven by her husband on Route 5 in North Haven. The plaintiff's vehicle was struck by a vehicle driven by the defendant. The plaintiff alleged that the defendant was stopped at a stop sign on an intersecting street and then entered the stream of traffic on Route 5 and struck the front passenger side of the plaintiff's vehicle. The plaintiff contended that her injuries were caused by the defendant's negligence.

The plaintiff and the defendant testified at trial. The plaintiff, however, did not call her husband to testify. The defendant requested that the court give the jury a missing witness charge under *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960).[2] The trial court denied the request.

---

[1] The defendant filed a cross appeal in this case, arguing that the trial court should have given a missing witness charge to the jury under *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960). Technically, however, his claim is not properly part of a cross appeal because he was not aggrieved by the judgment of the trial court. See Practice Book § 61-8. Further, the defendant's claim cannot be treated as an adverse ruling in the event that a new trial is awarded pursuant to Practice Book § 63-4 (a) (1) (B) because the legislature has abolished the use of the missing witness charge in civil cases. See Public Acts 1998, No. 98-50. See footnote 2 of this opinion. We therefore address only the plaintiff's claim on appeal and dismiss the defendant's cross appeal.

[2] The rule set forth in *Secondino* provides: "The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would have been unfavorable to the party's cause." (Internal

During closing argument, the defendant's counsel made express reference to the plaintiff's failure to call her husband to testify despite the trial court's denial of the *Secondino* charge.[3] The plaintiff immediately objected and requested that the court give the jury a curative instruction. The court, however, overruled the objection and denied the plaintiff's request.[4] The jury returned a verdict for the defendant. This appeal followed.

It is well established that the party seeking a *Secondino* charge must prove that the witness is available and is a witness that the opposing party would naturally produce. Id., 675. A party must seek and obtain an advance ruling from the trial court before arguing to the jury that an unfavorable inference should be drawn from the absence of a witness at trial. See *State* v. *Clark*, 48 Conn. App. 812, 831, 713 A.2d 834, cert. denied, 245 Conn. 921, 717 A.2d 238 (1998). "Unless [a] party fulfills the requirements of a *Secondino* charge . . . he will not be allowed to argue it to the jury in any form, full or 'watered down.' " (Citation omitted.) *State* v. *Charlton*, 30 Conn. App. 359, 370–71, 620 A.2d 1297, cert. denied, 225 Conn. 922, 625 A.2d 824 (1993). The defendant's request for a missing witness charge was denied by the trial court. Defense counsel's remarks in closing argument were therefore clearly improper.

quotation marks omitted.) *Secondino* v. *New Haven Gas Co.*, supra, 147 Conn. 675. The trial underlying this appeal was held in March, 1998. The legislature abolished the *Secondino* rule in civil cases, effective October 1, 1998. See Public Acts 1998, No. 98-50. This legislation, however, does not affect our decision in this appeal.

[3] Counsel for the defendant stated: "[The plaintiff] also stated that she did not make a claim against her husband, which would make you think that . . . she considered that he had no fault in this, yet, she chose not to put him on the stand."

[4] The trial court judge stated, "I will, in my instructions to the jury, indicate to the jury that these are closing remarks only, they are not evidence, nor are they testimony."

The defendant contends that even if the defense counsel's remarks were improper and should have been stricken, the error was harmless. We do not agree.

In this case, liability was not conceded. Both the plaintiff and the defendant testified, and they disagreed about how the accident happened. No other witnesses to the accident testified. We conclude that in rendering a verdict for the defendant, the jury may have drawn an adverse inference from the plaintiff's failure to call her husband to testify as a result of defense counsel's improper remarks. Thus, we cannot say that the error in this case was harmless.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.