RICHARD R. PALKIMAS *v.* RITA J. LAVINE
(AC 21434)

Dranginis, Bishop and Dupont, Js.

Argued March 28—officially released August 13, 2002

*Richard H. G. Cunningham,* for the appellant (plaintiff).

*James V. Somers,* with whom were *Erik J. Ness* and, on the brief, *John B. Farley* and *John W. Dietz,* for the appellee (defendant).

*Opinion*

DUPONT, J. The plaintiff, Richard R. Palkimas, after a jury trial, appeals from the denial of his motion for judgment notwithstanding the general verdict for the defendant, Rita J. Lavine, and to set aside the verdict and to order a new trial.[1] The only issue we need address on appeal is whether the trial court abused its discretion in failing to set aside the verdict and to order a new trial because of allegedly improper remarks during the closing argument of the defendant's counsel.[2]

---

[1] The plaintiff filed one pleading, encompassing both the motion for judgment notwithstanding the verdict and the motion to set aside the verdict for the defendant and for a new trial.

[2] The other issues raised on appeal by the plaintiff relate to evidentiary rulings, which merit little consideration because all were within the discretion of the court. The factual basis for the plaintiff's complaint was a rear-end collision between the plaintiff's truck and the defendant's car, which was immediately behind the plaintiff's truck in a line of traffic. The plaintiff claimed that the defendant was negligent because she (1) failed to keep a proper lookout for the defendant's vehicle, (2) did not keep her car under control, (3) failed to apply her brakes, and (4) failed to keep a reasonable distance between her car and his vehicle as required by statute. The defen-

The plaintiff claims that he was denied a fair trial because the remarks made by the defendant's counsel during final argument appealed to the "bias of the jury," invited the jury to ignore the whole body of evidence, and constituted unsworn testimony and improper vouching for a witness. The plaintiff objected to the remarks, but did not seek a curative instruction. The objection was overruled, and the court did not give a curative instruction.[3] The plaintiff's motion rested on four claims, three of which were evidentiary and one of which related to the claim that the jury acted out of sympathy for the defendant, giving her "undue credence" because of the improper closing argument of the defendant's counsel, which had been "permitted by

dant denied the allegations of negligence and denied that, as a result of her striking the rear of the plaintiff's truck that the plaintiff suffered any injuries or any loss of income.

The court, in its memorandum of decision on the plaintiff's motion, stated that on the basis of the evidence and the plaintiff's testimony during cross-examination attacking his credibility, the jury could have found reasonably that the plaintiff "had not proven proximate cause or damages by a preponderance of the evidence." The court noted that the defendant testified that he could not remember if he had been in any prior automobile accidents, although he had been in four prior accidents in which he suffered the same or similar injuries.

The plaintiff alleged in his complaint that he had suffered a loss of income and loss of future earning capacity as a result of the accident. The court stated in its decision that "[w]ith regard to the claimed damages, the plaintiff testified that prior to the accident he was successful in the construction business. However, the plaintiff was unable to substantiate this testimony because, as he testified, he had not filed income tax returns for the years 1994 through 1999. The plaintiff also testified that a friend, Regina Muller, had loaned him approximately $250,000 for the construction project he was working on at the time of the accident. When questioned further about this loan, the plaintiff testified that he was paying Ms. Muller back, but could not say where he sends the payments, testifying only that Ms. Muller lives in South Africa or somewhere in Florida. Based on the foregoing, and other similar attacks on the plaintiff's credibility, the jury reasonably could have found that the plaintiff had not proven proximate cause or damages by a preponderance of the evidence."

[3] No transcript of the court's charge was provided on appeal. The parties agree, however, that there was no specific curative instruction relating to the remarks made in the defendant's closing argument.

the court." The only claim with which we are concerned is whether the remarks of the defendant's counsel in closing argument required the court to grant the plaintiff's motion to set aside the general verdict for the defendant and to order a new trial.

Before addressing whether the comments in this case were improper and, if so, whether their allegedly prejudicial character were a denial of the plaintiff's constitutional right to a fair trial, we must first consider the impact of the general verdict rule on the denial of the plaintiff's motion for a judgment notwithstanding the verdict.

There were no interrogatories in this case, and the jury, on its verdict form, stated that it found all of "the issues for the defendant," thereby causing the principles of the general verdict rule to apply. The general verdict rule presumes that all disputed issues were found in favor of the prevailing party. *Mather* v. *Griffin Hospital*, 207 Conn. 125, 131, 540 A.2d 666 (1988).

The plaintiff's action was one in tort for the negligence of the defendant. The elements of an action based on negligence that must be proven to obtain a verdict in a plaintiff's favor are a duty of the defendant to the plaintiff, a breach by the defendant of that duty, proximate cause of the plaintiff's injuries arising from the breach and actual injury or damages. *Bonan* v. *Goldring Home Inspections, Inc.*, 68 Conn. App. 862, 871, 794 A.2d 997 (2002). Unless the defendant's negligence, that is, the breach of duty owed to the plaintiff, is the proximate cause of the plaintiff's injury, there can be no liability. *Doe* v. *Manheimer*, 212 Conn. 748, 755–57, 563 A.2d 699 (1989), overruled in part on other grounds, *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 608, 662 A.2d 753 (1995). In the event of a general verdict for a defendant, it is not known whether the jury found against the plaintiff because the defen-

dant was not negligent or because the plaintiff had not proved that the defendant's negligence was the proximate cause of any injury to the plaintiff. *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 377–78, 727 A.2d 1245 (1999).

In this case, the plaintiff had to prove that the defendant was negligent and that her negligence was the proximate cause of any damage to the plaintiff. Proximate cause is an issue of fact. See *Trzcinski* v. *Rickey*, 190 Conn. 285, 295, 460 A.2d 1269 (1983). In a general verdict case, it is presumed that the issue of proximate cause was decided in favor of the prevailing party; *West Haven Sound Development Corp.* v. *West Haven*, 201 Conn. 305, 316, 514 A.2d 734 (1986); and it is presumed, if the defendant is the prevailing party, that the jury could have concluded that either (1) the defendant did not breach any statutory or common-law duty owed to the plaintiff, or (2) that there was such a breach, that is negligence, but that that negligence was not the proximate cause of the plaintiff's injuries. *Trzcinski* v. *Rickey*, supra, 295. Here, because the defendant admits her car struck the plaintiff's truck, the jury could have concluded that the defendant was negligent, but that even if the defendant were negligent, that negligence was not the proximate cause of the defendant's claimed injury[4] and, therefore, that the defendant was not liable to the plaintiff.[5]

The general verdict for the defendant requires us to presume that the plaintiff did not prove that the defendant was liable. The insufficiency of the evidence as to proximate cause supports the verdict. See *Yeske* v. *Avon Old Farms School, Inc.*, 1 Conn. App. 195, 206, 470 A.2d 705 (1985).

---

[4] The plaintiff did not claim any damages for property damage to his truck.

[5] A general verdict for a plaintiff may be set aside, if proximate cause could not be proven as a matter of law, because of an intervening act of a tortfeasor other than the defendant. *Doe* v. *Manheimer*, supra, 212 Conn. 748.

If a judgment notwithstanding the verdict were rendered for the plaintiff in this case because of the remarks of the defendant's counsel, the defendant herself would be "painted with the brush of [her] legal representative." Id., 207. Such a result would be as inequitable to the defendant as a failure to order a new trial for the plaintiff would be, if the remarks did, in fact, deprive the plaintiff of a fair trial.[6] The motion for a judgment notwithstanding the verdict was properly denied.

We next address whether the plaintiff's motion to set aside the judgment and for a new trial should have been granted in view of the remarks of the defendant's counsel. When a verdict should be set aside because of improper remarks of counsel, rather than because of the insufficiency of the evidence to support the verdict, the remedy is a new trial. Id., 206–207. Our standard of review for such a claim is whether the court abused its discretion when it denied the motion. *Skrzypiec* v. *Noonan*, 228 Conn. 1, 10–11, 633 A.2d 716 (1993); *Palomba* v. *Gray*, 208 Conn. 21, 24, 543 A.2d 1331 (1988); see also *Santa Maria* v. *Klevecz*, 70 Conn. App. 10, 12, 800 A.2d 1186 (2002).

The plaintiff argues that the remarks of counsel caused the jury to act out of sympathy for the defendant, appealed to the "bias of the jury," and constituted unsworn testimony and vouching for the witness. In support of that argument, he cites the reference by the defendant's counsel to the defendant as "little Rita, five foot three, 133 pounds." The plaintiff also cites to remarks such as, "[I]f my client were here, she'd say to you, 'Make the system work. . . . Don't reward [the

---

[6] A motion for a new trial in civil and criminal trials, unlike a motion for a judgment of acquittal in a criminal case, or a judgment notwithstanding the verdict in a civil case, does not relate to the sufficiency of the evidence to support the verdict. See *State* v. *Hammond*, 221 Conn. 264, 267, 604 A.2d 793 (1992).

plaintiff] for his conduct.' " The plaintiff also claims
that the defendant's counsel improperly testified about
a conversation with his client that occurred in the court-
house hallway.[7]

In her brief to this court, the defendant admits that
her counsel's remarks "were directed at inviting the
jury to conclude that the defendant was a credible wit-
ness," but argues that his remarks were not a personal
guarantee of the defendant's credibility. The defendant
also admits in her brief that her counsel commented

---

[7] The relevant portions of the argument by the defendant's counsel's and
the plaintiff's objection are as follows:

"[Defendant's Counsel]: Burden of proof, you're going to hear that from
the judge. Anybody can file a lawsuit about anything at any time, but they've
got to come into court and they've got to prove it. They've got to prove
their case to you. Well, what do you know? You sat here, you've listened
to all the testimony, all of the evidence. You have enough. You know, you
know the truth. The accident, you heard [the defendant]. How did [the
defendant] come across? Did she come across candid? Rehearsed? Every
question scripted out? Every answer practiced? No. I said . . . 'Come in
here,' and she said, '[W]ell, can I tell them this?' and '[C]an I tell them that?'
Well, no, you can't. You just got to tell them the facts. She is like, '[W]ell,
I want to tell them this, and I want to tell them how I feel and I want to
tell them this.' And I said, '[W]ell, unfortunately, you can't.' I said, '[T]hey
are bright people, they are going to know—they are going to know how
you feel. They are going to see that. They are going to evaluate your testimony
and what you said.'

"[Plaintiff's Counsel]: Your Honor, I—I would not normally object, but
he is testifying, and that is not permitted. It's something which is not in
the record.

"The Court: It's final argument. . . .

"[Plaintiff's Counsel]: It's something which clearly is—is beyond any
record.

"The Court: Objection is overruled. You may continue.

"[Defendant's Counsel]: Thank you, Your Honor. You heard [the defen-
dant's] testimony. You decide for yourself who was telling the truth, who
is candid. I said . . . '[J]ust come on in here, be honest, be yourself, tell
them what happened.' She told you what happened. There is no dispute. It
was a bump. She wasn't speeding down some hill and slammed into him—
into his car. That's what they'd have you believe. Is that candid? Is that
frank? Is that honest? Is that credible? No, it's not what happened. There
is no evidence of that."

on a conversation he had had with her that was not in the record.

To determine if the plaintiff's motion to set aside the verdict and for a new trial should have been granted, we examine whether the court abused its discretion. The question is whether the remarks at closing argument went beyond or fell short of "a generous latitude in argument" generated by the "zeal of counsel." (Internal quotation marks omitted.) *Skrzypiec* v. *Noonan*, supra, 228 Conn. 16. If the remarks deprived the plaintiff of a fair trial, the court would have abused its discretion when it denied the plaintiff's motion.

In determining whether there has been an abuse of discretion, every reasonable presumption should be given to the correctness of the court's ruling. *Santa Maria* v. *Klevecz*, supra, 70 Conn. App. 12. The burden of proving that the remarks in closing argument deprived the complaining party of a fair trial lie with that party. *State* v. *Payne*, 63 Conn. App. 583, 592, 777 A.2d 731 (2001), rev'd on other grounds, 260 Conn. 446, 797 A.2d 1088 (2002);[8] see *State* v. *Alexander*, 254 Conn. 290, 303, 755 A.2d 868 (2000).

Recent cases examine the latitude of remarks of counsel in closing arguments of criminal trials. See, e.g., *State* v. *Payne*, 260 Conn. 446, 797 A.2d 1088 (2002); *State* v. *Singh*, 259 Conn. 693, 793 A.2d 226 (2002); *State* v. *Thompson*, 69 Conn. App. 299, 797 A.2d 539, cert. granted, 260 Conn. 936, 802 A.2d 90 (2002). It has not yet been decided in any Connecticut case of which we are aware whether a denial of a motion to set aside a verdict and for a new trial based on improper remarks

---

[8] The Supreme Court's decision in *State* v. *Payne*, supra, 260 Conn. 446, is not based upon a claim of a due process violation, but upon the supervisory powers of appellate courts to govern the fairness of trials. Even if the remarks were not a due process violation based on the particular trial, a verdict must be set aside if a pattern of improper conduct exists, based on other trials involving the same state's attorney. Id., 451–52.

during closing argument should be reviewed differently in civil and criminal cases because of the special role of a prosecutor as opposed to the role of counsel in civil cases.

In civil cases, where there has been an objection to the remarks or a motion for a curative instruction or a motion to set aside a verdict or for a new trial, as we have previously noted, the test is whether the court abused its discretion in denying the motion. *Skrzypiec* v. *Noonan*, supra, 228 Conn. 11; *Palomba* v. *Gray*, supra, 208 Conn. 24; *Fabrizio* v. *Smith*, 164 Conn. 385, 386, 321 A.2d 467 (1973). The same test has been used in some criminal cases. *State* v. *Alexander*, supra, 254 Conn. 303–304; *State* v. *Hammond*, 221 Conn. 264, 269–70, 604 A.2d 793 (1992); *State* v. *Couture*, 194 Conn. 530, 562, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985).

The phraseology to describe whether there has been an abuse of discretion in not setting aside a verdict and granting a new trial is somewhat different as between civil and criminal cases. It is unclear whether the different phraseology connotes a different level of egregiousness before concluding there was an abuse of discretion in not granting a new trial. In criminal cases, the defendant must prove "substantial prejudice" arising from the remarks. *State* v. *Alexander*, supra, 254 Conn. 303; *State* v. *Richardson*, 214 Conn. 752, 760, 574 A.2d 182 (1990). In civil cases, however, the harmed party must show " 'manifest injury' "; *Skrzypiec* v. *Noonan*, supra, 228 Conn. 16; or that the remarks were "unreasonable;" id., 15; or "flagrantly prejudicial." *Yeske* v. *Avon Old Farms School, Inc.*, supra, 1 Conn. App. 204.

It is apparent that the remarks during closing argument of a state's attorney in a criminal case are examined with special scrutiny.[9] The two most recent cases,

---

[9] We note that the rules of practice in providing the requirements for the granting of a motion for a new trial in a criminal case use the term "shall";

*State* v. *Payne*, supra, 260 Conn. 446, and *State* v. *Singh*, supra, 259 Conn. 693, expressly limit all their analyses to prosecutors and their special role in presenting the summation of their cases to a jury. A state's attorney in a criminal case has a special role, unlike that of any other attorney. "He is not only an officer of the court . . . but is also a high public officer, representing the people of the State . . . . By reason of his office, he usually exercises great influence upon jurors." (Internal quotation marks omitted.) *State* v. *Alexander*, supra, 254 Conn. 302. A prosecutor, as a representative of the state, has a duty of fairness that " 'exceeds that of other advocates' " because he represents the public interest. *State* v. *Payne*, supra, 452. A prosecutor has a unique responsibility in our judicial system. *State* v. *Singh*, supra, 701.

In every case, both criminal and civil, involving improper argument, there are two questions. The first is whether the remarks were improper, and the second is whether, if the remarks were improper, a new trial is necessary. Under current case law, the test for whether there has been impropriety in the remarks of a prosecutor and whether a new trial must be ordered requires a more intense scrutiny in criminal cases than in civil cases because the duty of fairness on the part of a state's attorney " 'exceeds that of other advocates.' " *State* v. *Payne*, supra, 260 Conn. 452. This does not excuse counsel, however, in civil cases from adhering strictly to the Rules of Professional Conduct regarding conduct during the trial and during closing argument.

Comments of attorneys that are proscribed in both civil and criminal cases are (1) comments on the veracity of a witness' testimony, (2) personal expressions of opinion on evidence, (3) references to matters not in evidence and (4) appeals to the emotions, passions and

see Practice Book § 42-53; whereas in speaking of a new trial in a civil case, the term "may" is used. See Practice Book § 16-37.

prejudices of the jurors. *State* v. *Singh,* supra, 259 Conn. 702.

Closing argument in civil cases, deemed improper upon appellate review, but not sufficiently improper to warrant the granting of a motion to set aside the verdict and to order a new trial, includes calling the opposing side's arguments a combination of "sleaze, slime and innuendo," and characterizing the testimony of a defendant as "weasel words"; (internal quotation marks omitted) *Rizzo Pool Co.* v. *Del Grosso,* 232 Conn. 686–87 n.33, 657 A.2d 1087 (1995); or arguing that the defendants provided testimony to "save their filthy money"; (internal quotation marks omitted) *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 60, 192 A. 317 (1937); or asking the jurors to imagine that they had suffered the same injury when assessing damages, and discussing the defendant country club's lack of insurance and the impact on the jury's decision if one of the jurors' children had visited the country club and was injured; *Murray* v. *Taylor,* 65 Conn. App. 300, 320–21, 782 A.2d 702, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001); or arguing that defense counsel used tactics like criminal defense lawyers in sexual assault cases. *Nastri* v. *Vermillion Bros., Inc.,* 46 Conn. Sup. 285, 292, 747 A.2d 1069 (1998).

A verdict should be set aside and a new trial ordered, however, if counsel has misstated the law, despite a court's prior ruling; *Krupien* v. *Rai,* 56 Conn. App. 247, 249, 742 A.2d 1270 (1999), cert. denied, 252 Conn. 931, 746 A.2d 793 (2000); or if counsel comments without evidence to support a statement that implies that if a verdict is rendered for a plaintiff, the financial burden on the defendant town will eliminate sports in that town. *Fonck* v. *Stratford,* 24 Conn. App. 1, 3, 584 A.2d 1198 (1991).

If the *trial court* determines that the remarks of counsel did jeopardize the right of a party to a fair trial

by commenting on opposing counsel's appearance or implying that he would resort to trickery to win his case, there is no abuse of discretion if the court grants a motion to set aside the verdict. *Yeske* v. *Avon Old Farms School, Inc.*, supra, 1 Conn. App. 203–205; see also *State* v. *Hammond*, supra, 221 Conn. 288 (granting motion for new trial would not be abuse of discretion but denial of motion for new trial might be such an abuse). This is so because the trial court is in a better position than an appellate court to evaluate the damage done by remarks made in closing argument. Because it is difficult for an appellate court to view the remarks from the same vantage as the trial court, to divine on which side of the "impropriety line" the remarks fall, we give great weight to the trial court's assessment of the situation. *Skrzypiec* v. *Noonan*, supra, 228 Conn. 10–11. "A verdict should be set aside if there has been manifest injury to a litigant, and it is singularly the trial court's function to assess when such injury has been done since it is only that court which can appraise the atmosphere prevailing in the courtroom." *Yeske* v. *Avon Old Farms School, Inc.*, supra, 1 Conn. App. 205; see also *Marko* v. *Stop & Shop, Inc.*, 169 Conn. 550, 558–59, 364 A.2d 217 (1975).

A trial court is invested with a large discretion with regard to arguments of counsel, and appellate courts should only interfere with a jury verdict if the discretion has been abused to the manifest injury of a party. *Bryar* v. *Wilson*, 152 Conn. 162, 165, 204 A.2d 831 (1964). We recognize that advocacy must be tempered by the professional responsibility of the attorney and that advocacy must be restrained when necessary by the court's obligation to provide the parties a fair trial. Those factors limit the latitude allowed in closing argument and affect the discretion of the court in deciding motions for a new trial.

We now turn to the particular comments of the defense counsel in this case and their effect on the jury, in terms of the evidence. The crux of this case was the credibility of the plaintiff as to his claim of the proximate cause of his injuries, rather than the credibility of the defendant, whose account of the accident did not vary substantially from that of the plaintiff. The defendant could not testify, of course, as to the medical condition of the plaintiff.

The defense counsel's comment about "little Rita," although calculated to induce sympathy, was based on the defendant's testimony that she was five feet, three inches, in height and weighed 133 pounds. Counsel's remark about not rewarding the plaintiff for his conduct is ambiguous, but may have referred to his litigious past, which was in evidence. The rest of counsel's comments related to the credibility of the defendant and counsel's vouching for that credibility.

Clearly, the defendant's attorney made improper remarks. He rendered an opinion as to the credibility of his client and recounted a conversation between him and his client that took place outside the courtroom. He violated rule 3.4 of the Rules of Professional Conduct, which provides in relevant part: "A lawyer shall not . . . (5) [i]n trial . . . state a personal opinion as to the justness of a cause, the credibility of a witness, [or] the culpability of a civil litigant . . . ." See also *Murray* v. *Taylor*, supra, 65 Conn. App. 314 n.7.

The issues in this case were not complex, the trial was short and the transcript indicates that the defendant's testimony could not have lasted for more than five minutes. The accident in this case was relatively minor, and no claim was made for damage to the plaintiff's truck. Neither the defendant nor a passenger in the plaintiff's truck was injured. On the basis of the evidence, the jury could have concluded that the plaintiff's

pain and suffering were exaggerated, that he had no loss of income, that his complaints of injury were not causally related to the accident and that he had received treatment beyond what was medically indicated. The jury also could have concluded that the plaintiff had suffered similar injuries in the past from which he might still suffer, independent of any harm caused to him by any negligence of the defendant.

Although the defendant's attorney rendered an opinion as to the credibility of the defendant, the crux of this case was not the defendant's credibility, but the plaintiff's credibility. The comments by the defendant's counsel were not lengthy, were not particularly inflammatory and not nearly as inflammatory as other comments in the previously cited civil cases that did require a new trial.

We rely on a line of appellate civil cases that view improper remarks from the prism of the trial court, whether granting a motion for new trial; *Yeske* v. *Avon Old Farms School, Inc.*, supra, 1 Conn. App. 207; or denying a motion for a new trial. *Murray* v. *Taylor*, supra, 65 Conn. App. 300.

We conclude that the plaintiff received a fair trial and that the remarks, although improper, did not skew the result. The comments did not invite the jury to ignore facts, nor did the comments inflame its passions or emotions.

The judgment is affirmed.

In this opinion the other judges concurred.