******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CAROLE AUDIBERT *v.* WESLEY HALLE
(AC 42654)

Keller, Bright and Bishop, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for negligence in connection with personal injuries she sustained in a motor vehicle accident in which her vehicle was struck by the defendant's vehicle. Following a trial, the jury returned a verdict in favor of the plaintiff. Thereafter, the plaintiff filed a motion to set aside the verdict and for a new trial, claiming that the defendant's counsel had violated rule 3.4 (5) of the Rules of Professional Conduct during closing argument by alluding to matters that were not relevant or supported by the evidence, asserting personal knowledge of the facts, stating his personal opinion as to the plaintiff's credibility and improperly appealing to the emotions and passions of the jurors by attacking the plaintiff's character. The trial court denied the plaintiff's motion and rendered judgment in accordance with the verdict, from which the plaintiff appealed to this court. *Held*:

1. This court declined to review the plaintiff's claim, raised for the first time on appeal, that the trial court improperly admitted evidence of a subsequent motor vehicle accident in which the plaintiff was involved because the evidence was not relevant, the plaintiff having failed to adequately preserve this claim for appellate review, as her counsel failed to specify the basis of his objections to any of the questions by the defendant's counsel regarding the subsequent accident.

2. The plaintiff's claim that the trial court improperly failed to provide a curative instruction to the jury, as she had requested, in response to certain improper remarks by the defendant's counsel during closing argument was unavailing; that court properly exercised its discretion in denying the plaintiff's request for a curative instruction, as the court's numerous instructions to the jury were sufficient to inform the jury of its responsibilities and the duties of counsel.

3. The trial court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict and for a new trial; although certain remarks by the defendant's counsel during closing argument on the credibility of a witness intended to appeal to the emotions, passions and prejudices of the jurors were improper, those remarks were not so overly prejudicial as to deprive the plaintiff of a fair trial, as there was little risk that they distracted the jury from focusing on the relevant issues and deciding the case solely on the basis of the evidence, and they did not result in manifest injury to the plaintiff.

Submitted on briefs February 18—officially released June 30, 2020

*Procedural History*

Action to recover damages for the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *Elgo, J.*; verdict for the plaintiff; thereafter, the court denied the plaintiff's motion to set aside the verdict and for a new trial and rendered judgment in accordance with the verdict, from which the plaintiff appealed to this court. *Affirmed.*

*J. Xavier Pryor* filed a brief for the appellant (plaintiff).

*Lewis S. Lerman* filed a brief for the appellee (defendant).

*Opinion*

BISHOP, J. The plaintiff, Carole Audibert, brought this personal injury action against the defendant, Wesley Halle, for injuries she alleges she sustained as the result of an automobile accident on April 12, 2013, caused by the defendant's negligence. The case was tried to the jury, which returned a verdict in favor of the plaintiff. The plaintiff appeals from the judgment of the trial court, rendered in accordance with the jury's verdict. The plaintiff claims that (1) the court improperly admitted irrelevant evidence, (2) the court improperly failed to provide a curative instruction to the jury, (3) the defendant's counsel violated rule 3.4 (5) of the Rules of Professional Conduct[1] during closing argument, depriving the plaintiff of a fair trial, and (4) the court abused its discretion by failing to set aside the verdict and to grant the plaintiff a new trial. We affirm the judgment of the court.

The jury reasonably could have found the following facts. On April 12, 2013, the plaintiff was involved in a motor vehicle accident with the defendant in Tolland. The plaintiff was travelling in the northbound lane of a two lane road when she came to a stop behind another stopped vehicle. After stopping, the plaintiff's vehicle was struck in the rear by the defendant's vehicle, pushing the plaintiff's vehicle off the roadway and up an embankment. After the collision, both parties exited their vehicles and verbally confirmed to each other that they were all right. Thereafter, emergency personnel arrived on the accident scene, where they placed a cervical collar on the plaintiff, and she was transported to Rockville General Hospital. Once at the hospital, the plaintiff was transferred to the emergency room for a computerized axial tomography scan and an X-ray. While there, she was prescribed pain medication but she did not fill the prescriptions. Approximately ten days after the accident, the plaintiff visited her primary care physician, Michael Keenan, during which she complained of shoulder and mid-back pain. Keenan referred her to Robert O'Connor, an orthopedic surgeon.

O'Connor ordered a magnetic resonance imaging (MRI) scan for the plaintiff, and, after reviewing the results, he recommended that she start physical therapy for her injuries. The plaintiff completed numerous physical therapy sessions at Mansfield Physical Therapy but continued to experience pain. Thereafter, she met with Daniel Veltri, a sports medicine and orthopedic surgeon. To relieve the plaintiff's pain, Veltri injected her with a steroid in her right shoulder. Veltri also ordered an MRI, from which he determined that the plaintiff's neck injuries might be the reason for her pain and discomfort. He recommended to the plaintiff that she continue physical therapy, return to see him in six weeks, and complete an additional MRI that he ordered. Additionally, he referred the plaintiff to Howard Lanter, a neurosurgeon.

After examining the plaintiff, Lanter did not recommend that she undergo surgery to relieve the pain and discomfort.

In January, 2015, the plaintiff was in a subsequent motor vehicle accident in which her car struck another vehicle from behind, causing her car's airbag to deploy. As a consequence of this accident, the plaintiff's car was totaled. In March, 2015, the plaintiff returned to see Veltri for an evaluation due to ongoing symptoms. Despite Veltri's earlier recommendations in 2014, the plaintiff had neither completed the additional MRI nor returned to see him six weeks after her last appointment, and she had not returned to physical therapy.

The following procedural history also is relevant to our resolution of this appeal. The plaintiff brought this civil action against the defendant on March 18, 2014, alleging that, as a result of the defendant's negligence in causing the accident, the plaintiff had suffered serious injuries, including, but not limited to, a cervical sprain, shoulder pain, thoracic spine and back pain, and reduced motion in her back and shoulder. On May 27, 2014, the defendant filed an answer to the complaint, leaving the plaintiff to her burden of proof on the issues of liability, causation, and damages. On May 4, 2016, the evidence portion of the jury trial took place during which the plaintiff and a damages witness testified and the defendant presented the videotaped testimony of Steven Selden, an orthopedic physician who had conducted a medical records review pertaining to the plaintiff.

At the conclusion of the evidence, both parties delivered closing argument to the jury, and, thereafter, the court instructed the jury and provided it with interrogatories and a plaintiff's verdict form.[2] The jury answered the interrogatories, finding that the plaintiff was entitled to damages caused by the defendant's negligence in the amount of $17,000, consisting of $11,293.55 in economic damages and $5760.45 in noneconomic damages. The jury then completed the plaintiff's verdict form in accordance with its findings.

After the court accepted the jury's verdict, the plaintiff filed a motion to set aside the verdict and for a new trial, claiming that the defendant's counsel had violated rule 3.4 (5) of the Rules of Professional Conduct in his closing argument. In her memorandum of law in support of the motion, she argued that the defendant's counsel alluded to matters that were not relevant or supported by the evidence, asserted personal knowledge of the facts, stated his personal opinion as to the plaintiff's credibility, and improperly appealed to the emotions and passions of the jurors by attacking the plaintiff's character. The defendant objected, arguing that counsel did not violate the Rules of Professional Conduct and that the court should not set aside the verdict and order a new trial because counsel's conduct did not result in

manifest injury to the plaintiff.

By memorandum of decision, the court rejected the claims raised by the plaintiff and denied the motion. The court ruled that setting aside the verdict and ordering a new trial was unwarranted because, on the basis of the record, the plaintiff was not deprived of a fair trial. The court stated that its instructions to the jury were sufficient to charge the jurors properly on their responsibilities and obligations. This appeal followed. Additional facts and procedural history will be provided as necessary.

I

The plaintiff first claims that the court improperly admitted evidence of her January, 2015 motor vehicle accident. Specifically, she claims that any evidence of the subsequent motor vehicle accident was irrelevant under § 4-2 of the Connecticut Code of Evidence[3] because the defendant only introduced the evidence in order to confuse the jury. In response, the defendant argues that the plaintiff's claim fails because she failed to properly preserve her objection to evidence concerning the subsequent accident. We agree with the defendant.

Our standard of review of a claim alleging an improper evidentiary ruling at trial is well established. "Unless an evidentiary ruling involves a clear misconception of the law, the [t]rial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling . . . ." (Internal quotation marks omitted.) *Perez* v. *D & L Tractor Trailer School*, 117 Conn. App. 680, 688, 981 A.2d 497 (2009), cert. denied, 294 Conn. 923, 985 A.2d 1062 (2010). "In order to preserve an evidentiary ruling for review, trial counsel must object properly. . . . In objecting to evidence, counsel must properly articulate the basis of the objection so as to apprise the trial court of the precise nature of the objection and its real purpose, in order to form an adequate basis for a reviewable ruling. . . . Once counsel states the authority and ground of his objection, any appeal will be limited to the ground asserted." (Internal quotation marks omitted.) *Daley* v. *McClintock*, 267 Conn. 399, 404–405, 838 A.2d 972 (2004). "These requirements are not simply formalities. They serve to alert the trial court to potential error while there is still time for the court to act. . . . Assigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing party to trial by ambush." (Internal quotation marks omitted.) *State* v. *Bell*, 113 Conn. App. 25, 40, 964 A.2d 568, cert. denied, 291 Conn. 914, 969 A.2d 175 (2009).

The essence of the plaintiff's evidentiary claim relates to evidence adduced by the defendant regarding the plaintiff's subsequent motor vehicle accident in 2015. For the first time on appeal, the plaintiff asserts that such evidence was not relevant. The following additional facts are relevant to our resolution of this issue.

In the plaintiff's initial responses to discovery, she failed to disclose her 2015 motor vehicle accident. Additionally, when questioned by the defendant's counsel at her deposition, the plaintiff initially testified that she was not involved in any subsequent motor vehicle accidents. At trial, the defendant's counsel questioned the plaintiff about initially denying involvement in the subsequent accident during her deposition. In response, the plaintiff admitted that she had been involved in an accident in January, 2015.

While the defendant's counsel was cross-examining the plaintiff about the January, 2015 accident, the plaintiff's counsel objected to counsel's initial questions of whether the plaintiff was in a subsequent accident. Specifically, the defendant's counsel asked the plaintiff, "in between your visit to Dr. Veltri in April of 2014 and your visit to him in March of 2015 you had a car accident, didn't you?" The plaintiff responded "yes," to which the defendant's counsel asked, "[a]nd that was in January of 2015. Correct?" The record reflects that the plaintiff's counsel objected to these initial questions but did not state a basis for doing so. After the court invited counsel to approach the bench and conducted a sidebar discussion with counsel, the court overruled the plaintiff's objection. The record, however, does not reflect the basis of the objection, and there is no indication of the basis on which the court overruled it.

Once the objection by the plaintiff's counsel to the defendant's initial questions were overruled, the defendant's counsel continued cross-examination. The plaintiff's counsel, however, failed to object to questions regarding the details of the January, 2015 accident, relating to the damage to the vehicles. Thereafter, the defendant's counsel continued: "And at your deposition, when you were asked about being involved in any motor vehicle accidents after the one we're here for today, the one that occurred on April 12, 2013, didn't you originally state that you had not been involved in any subsequent motor vehicle accidents?" The plaintiff's counsel objected to that question, again without stating the basis for the objection, and another sidebar discussion took place. After the sidebar discussion, the court overruled the objection but did not specify its basis for doing so.

In sum, our careful review of the record indicates that, at trial, the plaintiff's counsel failed to specify the basis of his objections to any of the questions by the defendant's counsel regarding the plaintiff's subsequent

motor vehicle accident. As noted, and as our decisional law demonstrates, the plaintiff's counsel was required to specify the authority and basis of any objections to the cross-examination of the plaintiff. Because the plaintiff's counsel failed to do so, this claim is not preserved adequately for any meaningful review on appeal. Accordingly, we decline to review it.

## II

The plaintiff next claims that the court improperly failed to provide a curative instruction to the jury in response to improper remarks of the defendant's counsel during closing argument. We are not persuaded.

The following additional facts are relevant to our resolution of this issue. Before the commencement of evidence, the court instructed the jury to decide the case solely on the basis of the evidence presented and that it had the responsibility to weigh the testimony of the witnesses and to resolve any conflicts to determine the truth. At the conclusion of the evidence and before the start of closing argument, the court again charged the jury on its responsibilities. In this instruction, the court reminded the jury that lawyers are not permitted to state their personal opinions as to the facts of the case or the credibility of witnesses. After closing argument, but before the court's final instructions, the parties engaged in a colloquy with the court, outside the presence of the jury, regarding certain comments made by the defendant's counsel during closing argument. It is noteworthy that, during closing argument, neither counsel made any objection to the arguments of opposing counsel. Nevertheless, after closing argument concluded, the plaintiff's counsel requested that the court issue a curative instruction regarding the closing argument of the defendant's counsel.

When discussing the plaintiff's testimony, the defendant's counsel stated in his closing argument: "This is all about money. You couldn't see it more clearly than we see that . . . . If someone wants to get money, and this is what it's about, whether they do it on purpose or they trick themselves into thinking that things are different . . . they might . . . say things that are going to benefit them. . . . Clearly if she was asymptomatic, she was living with this condition, this arthritis in her spine, she's saying it was symptomatic—it never bothered her . . . . She might have had it in the past. She could have . . . had it and not be telling the truth about it today . . . it can go away because you can have that condition in your back, obviously, because it preexisted [the accident]." When discussing the plaintiff's medical treatment, counsel stated: "It's probably not what she wanted to hear. I don't want to go to physical therapy. Maybe she's feeling completely better, but she doesn't do those things. . . . That doesn't seem like someone who's trying to get better. That doesn't sound like someone who actually has pain and discom-

fort. . . . She can't make the excuse that she's got other things to do and, you know, I can't make it. She has all the time in the world to go to physical therapy. . . . She didn't go to physical therapy . . . [s]he didn't do it, and she lied to her doctor. Looks that way, and she misled him. . . . She goes back to Dr. Veltri months later . . . to get the rating. . . . [She] [h]as misled you . . . the records are clear when she's in there . . . and the therapy is working out . . . . You know, maybe she's not really thinking that . . . she says, yeah, I'm doing better. . . . I'm doing better, but then she [is thinking]—you know, [about the] lawsuit . . . . Attorney Pryor's the one that's . . . on the letter in January not long after this accident; so that's what's going on."

Further, the defendant's counsel stated: "She told [her story] in the very first visit probably before she kind of formulated the idea that this could be a lawsuit and everything. . . . [W]hen I asked her [questions regarding the accident] she said I was stopped right behind the other vehicle, five inches behind it . . . for a minute. I don't think she was stopped for a minute. . . . I think the thing—she said she stopped for a minute . . . but that doesn't fit the narrative well when you want to sue somebody. You want to say that I was stopped there and that I did nothing wrong, nothing unusual happened, and then he collided with me. . . . So she's changed the story on a very important thing . . . ."

In response, the defendant's counsel stated that, on the basis of the parties' previous discussions with the judge in chambers, the best approach would be not to provide an instruction specific to defense counsel's argument. The court agreed and concluded that, although the defendant's counsel had crossed the line during closing argument, its careful instructions to the jury adequately charged it regarding its responsibilities and duties and the role of counsel during closing arguments, and, thus, the court concluded a curative instruction was unnecessary. Thereafter, during the final charge, the jury was instructed concerning the rules governing attorney conduct, and, again, the court reminded the jury that the arguments and statements of counsel are not evidence.

The standard we use for determining whether the court erred in failing to provide a curative instruction is abuse of discretion. See *Pin* v. *Kramer*, 119 Conn. App. 33, 45, 986 A.2d 1101, aff'd, 304 Conn. 674, 41 A.3d 657 (2012); *Fonck* v. *Stratford*, 24 Conn. App. 1, 5, 584 A.2d 1198 (1991). Further, we note that, in the absence of a showing that the jury failed or declined to follow the court's instructions, we presume that the jury followed them. See *State* v. *Reynolds*, 264 Conn. 1, 131, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004).

During its colloquy with counsel, the court articulated the reasons for its decision not to give the requested curative instruction. First, the court stated that its instructions were sufficient to inform the jury of its responsibilities and the duties of attorneys. Second, the court stated that, during rebuttal argument, the plaintiff's counsel "effectively underscored [the court's] charge to the jury with respect to closing arguments." Third, the court stated that reiterating the instructions yet again "might unduly prejudice the defendant." On the basis of this record, we conclude that the court soundly exercised its discretion in denying the plaintiff's request and that the court's numerous instructions to the jury were sufficient.

## III

The plaintiff next claims that the defendant's counsel violated rule 3.4 (5) of the Rules of Professional Conduct during closing argument by stating his personal opinion as to the plaintiff's credibility and by expressing opinions on evidence by asserting personal knowledge of the underlying facts in an effort to appeal to the passions and prejudices of the jurors, and, consequently, deprived the plaintiff of a fair trial. The plaintiff also claims that, because the defendant's counsel made improper remarks during closing argument, the court abused its discretion by not setting aside the verdict and granting the plaintiff a new trial. We are unpersuaded.

To assess the plaintiff's claims, we use a two step analysis. First, we must determine whether the remarks of the defendant's counsel were improper, and, second, if we conclude that the remarks were improper, we must determine whether a new trial is necessary. See *Palkimas* v. *Lavine*, 71 Conn. App. 537, 546, 803 A.2d 329, cert. denied, 262 Conn. 919, 812 A.2d 863 (2002).

## A

We first examine whether, on the basis of the plaintiff's claim that he violated rule 3.4 (5) of the Rules of Professional Conduct during closing argument, the remarks of the defendant's counsel to the jury were improper.

"Under current case law, the test for whether there has been impropriety in the remarks of a prosecutor and whether a new trial must be ordered requires a more intense scrutiny in criminal cases than in civil cases because the duty of fairness on the part of a state's attorney exceeds that of other advocates. . . . This does not excuse counsel, however, in civil cases from adhering strictly to the Rules of Professional Conduct regarding conduct during the trial and during closing argument. Comments of attorneys that are proscribed in both civil and criminal cases are (1) comments on the veracity of a witness' testimony, (2) personal expressions of opinion on evidence, (3) references to matters not in evidence and (4) appeals to

the emotions, passions and prejudices of the jurors." (Citation omitted; internal quotation marks omitted.) *Palkimas* v. *Lavine*, supra, 71 Conn. App. 546–47.

We agree with the plaintiff that the remarks made by the defendant's counsel in closing argument as set forth in part II of this opinion were improper statements on the credibility of a witness intended to appeal to the emotions, passions and prejudices of the jurors.[4]

### B

Because we have determined that the remarks of the defendant's counsel were improper, we next address whether the plaintiff's motion to set aside the verdict and for a new trial should have been granted in view of the improper remarks. "When a verdict should be set aside because of improper remarks of counsel, rather than because of the insufficiency of the evidence to support the verdict, the remedy is a new trial. . . . Our standard of review for such a claim is whether the court abused its discretion when it denied the motion." (Citation omitted.) *Palkimas* v. *Lavine*, supra, 71 Conn. App. 542. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given to the correctness of the court's ruling." Id., 544.

To determine whether the court abused its discretion in not granting the plaintiff's motion to set aside the verdict and for a new trial, we examine whether the improper remarks made by the defendant's counsel deprived the plaintiff of a fair trial. In other words, we look to see whether permitting the verdict to stand in light of the impropriety of counsel's argument would constitute a manifest injury to the plaintiff. The plaintiff has the burden of proving that she suffered manifest injury, that the remarks were unreasonable or that they were flagrantly prejudicial. See *Skrzypiec* v. *Noonan*, 228 Conn. 1, 15–16, 633 A.2d 716 (1993); *Yeske* v. *Avon Old Farms School, Inc.*, 1 Conn. App. 195, 204, 470 A.2d 705 (1984). If we determine that the remarks of the defendant's counsel deprived the plaintiff of a fair trial, then the court abused its discretion by denying the plaintiff's motion.

"Closing argument in civil cases, deemed improper upon appellate review, but not sufficiently improper to warrant the granting of a motion to set aside the verdict and to order a new trial, includes calling the opposing side's arguments a combination of sleaze, slime and innuendo, and characterizing the testimony of a defendant as weasel words . . . or arguing that the defendants provided testimony to save their filthy money . . . or asking the jurors to imagine that they had suffered the same injury when assessing damages, and discussing the defendant country club's lack of insurance and the impact on the jury's decision if one of the jurors' children had visited the country club and was

injured . . . or arguing that defense counsel used tactics like criminal defense lawyers in sexual assault cases. . . .

"A verdict should be set aside and a new trial ordered, however, if counsel has misstated the law, despite a court's prior ruling . . . or if counsel comments without evidence to support a statement that implies that if a verdict is rendered for a plaintiff, the financial burden on the defendant town will eliminate sports in that town. . . .

"If the trial court determines that the remarks of counsel did [not] jeopardize the right of a party to a fair trial by commenting on opposing counsel's appearance or implying that he would resort to trickery to win his case, there is no abuse of discretion if the court [does not grant] a motion to set aside the verdict. . . . This is so because the trial court is in a better position than an appellate court to evaluate the damage done by remarks made in closing argument. Because it is difficult for an appellate court to view the remarks from the same vantage as the trial court, to divine on which side of the impropriety line the remarks fall, we give great weight to the trial court's assessment of the situation. . . . A verdict should be set aside if there has been manifest injury to a litigant, and it is singularly the trial court's function to assess when such injury has been done since it is only that court which can appraise the atmosphere prevailing in the courtroom. . . .

"A trial court is invested with a large discretion with regard to arguments of counsel, and appellate courts should only interfere with a jury verdict if the discretion has been abused to the manifest injury of a party. . . . We recognize that advocacy must be tempered by the professional responsibility of the attorney and that advocacy must be restrained when necessary by the court's obligation to provide the parties a fair trial. Those factors limit the latitude allowed in closing argument and affect the discretion of the court in deciding motions for a new trial." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Palkimas* v. *Lavine*, supra, 71 Conn. App. 547–48.

Before turning to whether the improper remarks of the defendant's counsel deprived the plaintiff of a fair trial, we note that the plaintiff claims in her brief that such a determination requires us to perform a six step analysis articulated by our Supreme Court in *State* v. *Williams*, 204 Conn. 523, 529 A.2d 653 (1987). The plaintiff, however, is incorrect, as the six step analysis described in *Williams* is applicable only in the context of evaluating whether prosecutorial impropriety deprived a criminal defendant of a fair trial. Instead, we look to our analysis in *Palkimas*, in which this court stated that, when assessing whether a lawyer's improper conduct during a civil trial warrants a new

trial, we look to whether a manifest injury has occurred. *Palkimas* v. *Lavine*, supra, 71 Conn. App. 548. This court, in *Palkimas*, distinguished the review we accord in criminal cases from that in civil cases. Our reasoning there was that in a criminal case, a state's attorney has a special role, unlike that of an attorney in a civil case. Id., 545. We noted that a state's attorney is a high public officer and representative of the state, and has a duty of fairness that exceeds that of other advocates because he or she represents the public interest. Id., 546. Thus, we observed, remarks made by a state's attorney in closing argument are examined with special scrutiny. Id., 545. This is so because remarks made by a state's attorney during closing argument may deprive a defendant of a fair trial and violate his or her federal and state constitutional rights to due process of law. Id., 546. On the other hand, in a civil matter in which both counsel share equal footing before a jury, we look to determine whether a party has suffered a manifest injury due to the misconduct of opposing counsel. Id., 548.

In *Palkimas*, the plaintiff brought an action against the defendant for personal injuries allegedly sustained in a rear-end collision. Id., 538 n.2. After the jury returned a general verdict for the defendant, the plaintiff filed a motion to set aside the verdict and to order a new trial, which the trial court denied. Id., 541–42. On appeal, the plaintiff claimed that the trial court abused its discretion in failing to set aside the verdict and to order a new trial because the defendant's counsel allegedly made improper remarks during closing argument. Id., 538. We concluded that, although the remarks of the defendant's counsel were improper, the plaintiff was not deprived of a fair trial because the improper remarks did not skew the results and invite the jury to ignore the facts. Id., 549–50.

Guided by our analysis and holding in *Palkimas*, we conclude that the improper remarks in the present case did not jeopardize the right of the plaintiff to a fair trial. The issues in this case were not complex and the evidence portion of the trial started and ended on the same day. On the basis of the evidence, the jury reasonably could have concluded that the plaintiff's injuries were exaggerated and that they did not all relate to the accident in question. Moreover, remarks made by the defendant's counsel on the issue of the plaintiff's credibility did not misstate the law or invite the jury to ignore facts or inflame the juror's passions and emotions. In short, although his remarks were improper for the reasons we have discussed, they were not so overly prejudicial as to deprive the plaintiff of a fair trial, as there was little risk that his remarks distracted the jury from focusing on the issues at hand and deciding the case solely on the basis of the evidence.

In sum, the remarks of the defendant's counsel,

although improper, did not result in manifest injury to the plaintiff. Accordingly, we find no abuse of discretion in the court's decision to deny the plaintiff's motion to set aside the verdict and for a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Rule 3.4 (5) of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not . . . (5) In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused . . . ."

[2] The record does not disclose the basis for the court's decision to submit only a plaintiff's verdict form to the jury. We will not speculate as to the court's reasoning except to note that the record reflects that the parties' disagreement revolved around the extent of the plaintiff's injuries, and not whether the defendant had been negligent in causing the accident.

[3] Section 4-2 of the Connecticut Code of Evidence provides in relevant part: "Evidence that is not relevant is inadmissible."

[4] In reaching this conclusion, we do not make any specific finding as to whether counsel's improper argument constituted a violation of the Rules of Professional Conduct, as such a determination is not necessary to our resolution of the claim before us and such a finding would require due notice to counsel and an opportunity to be heard. See *State* v. *Perez*, 276 Conn 285, 296–97, 885 A.2d 178 (2005).