## LAVENE JACKSON v. H.N.S. MANAGEMENT COMPANY, INC.
### (AC 28947)

Flynn, C. J., and DiPentima and Robinson, Js.

---

Submitted on briefs June 3—officially released July 29, 2008

*Christopher D. DePalma* filed a brief for the appellant (plaintiff).

*Michael P. Foley, Jr.*, filed a brief for the appellee (defendant).

*Opinion*

FLYNN, C. J. Our appellate process involves a constant balancing of two competing and often conflicting goals, which rub against one another. The first seeks to bring a finality to civil litigation; the second seeks to ensure that where injustice might otherwise result from trial error, reversal and retrial of such a case is appropriate. The second alternative is available only when an adequate record is before us, permitting a conclusion that any error was harmful. The general verdict rule operates when a jury deliberates and returns a general verdict without special interrogatories. Under the general verdict doctrine, an appellate court will presume that the jury found every issue in favor of the prevailing party; see *Curry* v. *Burns*, 225

Conn. 782, 786, 626 A.2d 719 (1993); and decline further appellate review. It operates, inter alia, where there is a denial of the allegations of a complaint and the raising of a special defense by the defendant, and the claimed error affects one but not the other. See *Tetreault* v. *Eslick*, 271 Conn. 466, 473, 857 A.2d 888 (2004); *Turturino* v. *Hurley*, 98 Conn. App. 259, 263, 907 A.2d 1266 (2006). Where there was an error free path available to the jury to reach its verdict, and no special interrogatories were submitted showing which road the jury went down, any judgment rendered on such a verdict must be affirmed. *Curry* v. *Burns*, supra, 786. The plaintiff, Lavene Jackson, appeals from such a judgment, and, on the basis of the general verdict rule, we affirm the judgment of the trial court.

The jury reasonably could have found that, on October 19, 2004, the plaintiff was late for work, and, in her rush to board a bus operated by the defendant, H.N.S. Management Company, Inc., doing business as Connecticut Transit, she sat down without first paying the required fare. While the bus was in motion, the plaintiff got her fare and proceeded to the front of the bus in order to pay. In that process, the plaintiff was thrown from her feet when the bus made an abrupt stop at a red light. The plaintiff subsequently commenced a personal injury action against the defendant, seeking damages for the injuries she sustained as a result of her fall. In her one count complaint, the plaintiff set forth several specifications of negligence. In response, the defendant denied the allegations of negligence and interposed a defense of comparative negligence, alleging that the plaintiff's own failure to exercise due care caused her injuries and damages. The case was tried to the jury, which returned a verdict in favor of the defendant. No interrogatories were submitted to the jury. The plaintiff filed a motion to set aside the verdict. The court denied the motion and rendered judgment

for the defendant in accordance with the jury verdict. This appeal followed.

It was not disputed that the bus operated by the defendant was a common carrier. The plaintiff's principal claim on appeal is that the court refused to charge the jury that in considering whether the defendant negligently breached its duty to the plaintiff passenger, the jury was entitled to consider not just direct evidence about the suddenness of the stop, concerning which the bus driver and the plaintiff were in conflict, but also indirect evidence of the bus driver's negligence, including inferences drawn from the nature and the severity of the plaintiff's injury and the throwing of the plaintiff backward to the floor. See *Belledeau* v. *Connecticut Co.*, 110 Conn. 625, 633–34, 149 A. 127 (1930). We conclude that the general verdict rule precludes our review of this claim.

In the present case, the defendant denied the plaintiff's allegations of negligence and pleaded the special defense of comparative negligence, either one of which could have supported the jury's general verdict in favor of the defendant. The plaintiff did not submit interrogatories to the jury. Without interrogatories, we are unable to determine whether the jury found in favor of the defendant because the plaintiff did not prove the allegations of her complaint or whether the defendant prevailed on its special defense. Because the plaintiff does not claim any impropriety in connection with the special defense of comparative negligence, the special defense could have provided an error free path to the jury's verdict under the general verdict rule. The jury reasonably could have concluded, and on appeal we assume that it did conclude, that the defendant prevailed on its special defense, thereby precluding our review of the plaintiff's instructional claim. See *Curry* v. *Burns*, supra, 225 Conn. 786. The plaintiff argues that because

the one count complaint contained multiple specifications of negligence on the part of the defendant, the rationale of *Curry* should apply prohibiting application of the general verdict rule to single count complaints, where the court and the jury would be burdened by multifarious special interrogatories. See id., 800–801. We are not persuaded by this argument. It misses the point that no impropriety is claimed as to the defendant's special defense.

The judgment is affirmed.

In this opinion the other judges concurred.