# SCOTT T. STURGEON *v.* JEFFREY STURGEON ET AL.
## (AC 29619)

Lavine, Beach and Stoughton, Js.

Argued January 13—officially released June 2, 2009

*William S. Palmieri*, for the appellant (plaintiff).

*Edward W. Gasser*, with whom, on the brief, was *Lauren E. Barber*, for the appellee (named defendant).

*Opinion*

LAVINE, J. In this negligence action, the plaintiff, Scott T. Sturgeon, appeals from the trial court's judgment rendered after a jury verdict in favor of the defendant Jeffrey Sturgeon.[1] On appeal, the plaintiff claims that the court improperly (1) denied his motion to set aside the jury's verdict and for a new trial on the ground that the jury could not have reached its conclusion reasonably and legally, (2) denied his motion on the basis of improper remarks made to the jury by the defendant's counsel during closing arguments and (3) admitted a hearsay statement, limited the plaintiff's

---

[1] As the plaintiff acknowledged during oral argument before this court, the defendant Jennifer Sturgeon, the wife of Jeffrey Sturgeon, is not a party to this appeal although she is mentioned in his appellate brief. The trial court granted her motion for a directed verdict on November 21, 2007. The plaintiff never filed an appeal from that part of the judgment, and Jeffrey Sturgeon is therefore the sole defendant on appeal. We therefore refer to Jeffrey Sturgeon as the defendant in this opinion.

right to cross-examine the witness regarding that statement and failed to provide curative instructions to the jury. We affirm the trial court's judgment regarding the first claim on the basis of the general verdict rule. We affirm the judgment regarding the second claim because we conclude that the court did not abuse its discretion when it denied the plaintiff's motion to set aside the verdict and for a new trial. We decline to review the plaintiff's third claim because he failed to preserve it for appeal.

The following background and procedural history are relevant to our consideration of the plaintiff's appeal. The plaintiff and the defendant are brothers. On August 10, 2005, the plaintiff, a professional carpenter, was helping the defendant repair damage on the defendant's house. While the plaintiff was on a ladder, at the height of between fourteen and sixteen feet, the ladder kicked out, and the plaintiff fell to the ground. He struck his leg on a fence surrounding a dog pen in which the ladder had been placed and sustained serious injuries that required surgery. At the time of the plaintiff's fall, the defendant was vacuuming the area in front of his garage and did not witness the incident.

The plaintiff commenced a negligence action against the defendant. On November 21, 2007, after a four day trial, the jury returned a verdict in favor of the defendant. On November 30, 2007, the plaintiff filed a motion to set aside the verdict and for a new trial or judgment notwithstanding the verdict. The court denied the plaintiff's motion on January 14, 2008. On February 1, 2008, the plaintiff appealed from the court's judgment in favor of the defendant and its denial of the motion to set aside the verdict and for a new trial. Further facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly denied his motion to set aside the verdict and for a new

trial on the ground that the jury legally and reasonably could not have reached its conclusion. The plaintiff's principal argument[2] in support of this claim is that the ultimate issue in the case, namely, whether the plaintiff instructed the defendant to leave the ladder or the defendant negligently walked away while the plaintiff was on the ladder, could have been determined favorably only as to the plaintiff. The plaintiff argues that his impeachment of the defendant was successful and that the defendant's version of the events that led to the plaintiff's fall was not credible. We affirm the judgment of the court on the basis of the general verdict rule.

The following additional facts are relevant for our consideration of the plaintiff's claim. In count one of his complaint dated January 31, 2006, the plaintiff alleged that his injury was caused by the defendant's negligence. He further alleged that the defendant's negligence consisted of "negligently walking away while holding the ladder and allowing it to slip . . . failing to properly maintain and hold the ladder . . . failing properly and adequately to supervise and oversee the positing of the ladder . . . [and] that the [d]efendant . . . knew or should have known that if he walked away that the [p]laintiff would fall." The defendant, in

---

[2] The plaintiff also argues that the jury's verdict was a product of antipathy for him, that the jury was motivated by the approaching Thanksgiving holiday and that it could not have reviewed all the exhibits in the time during which it deliberated. The plaintiff, however, fails to provide any analysis of these arguments, to cite to any legal authority or, most importantly, to refer to anything in the record to support them.

We decline to address the merits of these claims because they are inadequately briefed. "We are not obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived. . . . In addition, mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or *no citations from the record*, will not suffice." (Citations omitted; emphasis added; internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008).

his amended answer, denied liability and asserted as a special defense the plaintiff's contributory negligence. The defendant alleged that the plaintiff's injury was due to the plaintiff's own negligence in that he "[i]mproperly set up the ladder . . . [l]eaned the ladder against the fence without the top of the ladder resting against the house . . . [f]ailed to move the ladder closer to the area he was working on so that he could reach the area in a safe manner; and . . . [s]trained and leaned his body to the side of the ladder outside of the range of reasonable care in order to reach the area he was working on." At trial, the plaintiff and the defendant offered conflicting testimony regarding the events that led to the plaintiff's fall on August 10, 2005. Specifically, the plaintiff testified that he thought that the defendant was "footing"[3] the ladder when it kicked out, causing him to fall. The defendant, on the other hand, testified that he left the ladder because the plaintiff had instructed him to go and vacuum the area where they were going to work next. In its charge, the court instructed the jury on both the defendant's denial of the allegation and his special defense of contributory negligence. In his appellate brief, the plaintiff argues that the ultimate issue is whether he instructed the defendant to leave the ladder.

"The general verdict rule operates when a jury deliberates and returns a general verdict without special interrogatories. Under the general verdict doctrine, an appellate court will presume that the jury found every issue in favor of the prevailing party . . . and decline further appellate review. It operates, inter alia, *where there is a denial of the allegations of a complaint and the raising of a special defense by the defendant, and the claimed error affects one but not the other. . . .*

---

[3] The plaintiff explained during his testimony that "footing" a ladder means placing one's foot against the bottom of the ladder so that the bottom would not kick or slide out while another person is on the ladder.

Where there was an error free path available to the jury to reach its verdict, and no special interrogatories were submitted showing which road the jury went down, any judgment rendered on such a verdict must be affirmed." (Citations omitted; emphasis added.) *Jackson* v. *H.N.S. Management Co.*, 109 Conn. App. 371, 372–73, 951 A.2d 701 (2008).

In the present case, the defendant denied the plaintiff's allegation of negligence and pleaded the special defense of contributory negligence. The parties did not submit interrogatories to the jury. We are therefore unable to determine whether the jury found in favor of the defendant because the plaintiff failed to prove his allegation of negligence or because the defendant prevailed on his special defense of contributory negligence. The plaintiff does not claim any error regarding the defendant's special defense of contributory negligence, which was that the plaintiff improperly set up the ladder, leaned it against the fence without the top of the ladder resting against the house, failed to position it so that he could reach the area he was working on in a safe manner, and strained and leaned his body outside of the range of reasonable care. The plaintiff's only claim of error is that the jury could not have credited reasonably and legally the defendant's testimony that the plaintiff instructed him to leave and that he therefore did not negligently walk away without informing the plaintiff. The special defense of contributory negligence therefore could have provided an error free path to the jury's verdict, which precludes our review of the plaintiff's claim. See id., 374; *O'Brikis* v. *Supermarkets General Corp.*, 34 Conn. App. 148, 153, 640 A.2d 165 (1994) (general verdict rule precludes review when it is impossible to tell whether jury verdict was based on finding of absence of negligence or finding of contributory negligence).

## II

The plaintiff's next claim is that the court abused its discretion in denying his motion to set aside the verdict and for a new trial on the ground that the defendant's counsel made improper remarks during closing argument to the jury. We disagree because we conclude that counsel's remarks during the argument were not improper.

The following additional facts are relevant for our consideration of the plaintiff's claim. On November 20, 2007, outside of the jury's presence, the court denied the defendant's motion for a directed verdict on the basis of the plaintiff's failure to provide expert testimony on the issues of the standard of care applicable to those engaged in the repair of a garage peak and the proximate cause of the plaintiff's injury. The court concluded that expert testimony was not required on those issues because they were not "outside ordinary abilities of a layperson to understand or visualize." The court stated that expert testimony could be helpful for either side but that it was not required for the plaintiff to make out a prima facie case on the issue of causation.

During closing arguments, the defendant's counsel stated: "So, one of the questions that you are going to have to decide is the proximate cause question . . . if [the defendant], in fact, was footing the ladder, not putting all his weight against him. . . . The question is, had he been doing that, would the plaintiff still have fallen, being two hundred and some-odd pounds, fifteen feet up in the air, leaning over two to three feet? . . . Now, you heard testimony from Dr. [Vipal] Dua. . . . What you didn't have is testimony from any type of an engineer or anyone of that nature . . . ." The plaintiff objected to the argument of the defendant's counsel, and the court stated: "I will allow both sides to argue

on the basis of the evidence that was there and evidence that wasn't."

The defendant's counsel further told the jury: "But what you didn't have is the engineer to come in and testify that if [the defendant] had been doing that, this would not [have] happened. [The plaintiff] basically wants you to go out on a limb . . . and find that's why he fell, with none of that testimony. . . . [The experts] make those types of conclusions. It's [the plaintiff's] burden to prove his case, you know. The plaintiff is here seeking significant compensation. [The plaintiff] did not provide that kind of testimony to you that if, in fact, [the defendant] had been doing that, this would not [have] happened."

The plaintiff claims that the court improperly denied his motion to set aside the verdict and for a new trial because the remarks of the defendant's counsel were prejudicial and inappropriate. The essence of the plaintiff's argument is that despite the court's prior ruling on the defendant's motion for a directed verdict, the defendant's counsel misstated the law because his argument "effectively falsely informed the jury that [it] could not, as a matter of law, find in favor of the plaintiff" in the absence of expert testimony on the issue of causation. We disagree.

"When a verdict should be set aside because of improper remarks of counsel, rather than because of the insufficiency of the evidence to support the verdict, the remedy is a new trial. . . . Our standard of review for such a claim is whether the court abused its discretion when it denied the motion." (Citation omitted.) *Palkimas* v. *Lavine*, 71 Conn. App. 537, 542, 803 A.2d 329, cert. denied, 262 Conn. 919, 812 A.2d 863 (2002).

"[T]he trial court is invested with a large discretion with regard to the arguments of counsel . . . . [W]hile

its action is subject to review and control, we can interfere only where the discretion was clearly exceeded or abused to the manifest injury of some party. . . . In fact, the court must allow [c]ounsel . . . a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel . . . ." (Citations omitted; internal quotation marks omitted.) *Skrzypiec* v. *Noonan*, 228 Conn. 1, 15–16, 633 A.2d 716 (1993).

"The phraseology to describe whether there has been an abuse of discretion in not setting aside a verdict and granting a new trial is somewhat different as between civil and criminal cases. . . . In civil cases . . . the harmed party must show 'manifest injury'; [id.] 16; or that the remarks were 'unreasonable'; id., 15; or 'flagrantly prejudicial.' *Yeske* v. *Avon Old Farms School, Inc.*, [1 Conn. App. 195, 470 A.2d 705 (1984)]. . . . In every case, both criminal and civil, involving improper argument, there are two questions. The first is whether the remarks were improper, and the second is whether, if the remarks were improper, a new trial is necessary." *Palkimas* v. *Lavine*, supra, 71 Conn. App. 545–46.

We initially disagree with the plaintiff's argument that the defendant's counsel falsely informed the jury that it may not, as a matter of law, find in the plaintiff's favor on the issue of proximate cause without expert testimony. Counsel argued that the plaintiff "didn't have . . . the engineer . . . come in and testify that if [the defendant] had been doing that, this would not [have] happened" and that the plaintiff "basically wants [the jury] to go out on a limb . . . and find that's why he fell, with none of that testimony." We interpret this to be a comment on the lack of evidence on a contested issue of proximate causation or a perceived weakness

of the plaintiff's case.[4] Prior to bringing up the absence of expert testimony, the defendant's counsel argued that the plaintiff did not sufficiently demonstrate that the act of footing the ladder would have prevented the plaintiff, who weighed more than 200 pounds, was fifteen feet in the air and leaning over two to three feet, from falling off the ladder. The defendant's counsel also made express reference to the plaintiff's burden of proof.

Having concluded that the remarks of the defendant's counsel regarding expert testimony constituted a comment on the state of the evidence, we further conclude that such remarks were not improper. "In argument before the jury, counsel may comment upon facts properly in evidence and upon reasonable inferences drawn therefrom." (Internal quotation marks omitted.) *Skrzypiec* v. *Noonan*, supra, 228 Conn. 16; see also *State* v. *Ross*, 18 Conn. App. 423, 432, 558 A.2d 1015 (1989) (party entitled to comment on weakness of opposing party's case by bringing to jury's attention failure to call witnesses to support its own factual theories with witnesses). "[A] party cannot merely comment on the failure of the opposing party to present a witness without first providing a factual or evidentiary foundation from which to infer a weakness in the opposing party's case." *State* v. *Graham*, 67 Conn. App. 45, 50, 787 A.2d 11 (2001), cert. denied, 259 Conn. 911, 789 A.2d 996 (2002).

We conclude that the defendant's counsel provided a foundation for his comment on the plaintiff's failure to provide expert testimony. Counsel emphasized the evidence of the plaintiff's weight, the height at which he was working and the fact that he was leaning two

[4] The present case, therefore, does not involve a situation in which counsel commented on the opposing side's failure to produce a *specific* witness at trial without previously establishing that such witness is available to testify in accordance with General Statutes § 52-216c. See, e.g., *Raybeck* v. *Danbury Orthopedic Associates, P.C.*, 72 Conn. App. 359, 369–70, 805 A.2d 130 (2002).

or three feet over to the side. In light of that evidence, counsel argued that the plaintiff's claim that the defendant's failure to foot the ladder was a proximate cause of the plaintiff's injuries would have been stronger had he provided expert testimony on that issue. We conclude that the court did not abuse its broad discretion in refusing to set aside the verdict and to order a new trial.

## III

The plaintiff's final claim is that the court (1) improperly admitted a hearsay statement through the defendant's wife, Jennifer Sturgeon, (2) prevented the plaintiff from cross-examining her about it and (3) failed to provide curative instructions to the jury. The plaintiff argues that the court improperly admitted into evidence Jennifer Sturgeon's testimony that an insurance agent informed her that she and the defendant did not have insurance coverage for the plaintiff's medical bills because, on the basis of the information she provided to the agent, the incident was "not [their] fault." We decline to review this claim because it was not properly preserved at trial.

The following additional facts are relevant. During the trial, Jennifer Sturgeon testified on direct examination that a few days after the plaintiff's surgery, her insurance agent informed her that she and the defendant did not have sufficient coverage for the plaintiff's medical bills because the ladder incident "was not [their] fault."[5] The plaintiff did not object to that testimony.[6] The plaintiff also failed to raise any claim of

[5] The evidence of this conversation was initially introduced by the plaintiff through testimony by his fiancee, Peggy Levesque. On November 14, 2007, during the plaintiff's offer of proof, the court ruled that Levesque's testimony on that issue is admissible pursuant to Connecticut Code of Evidence §§ 4-5, 4-10 and 6-5 to prove that the defendant's belief that he did not have sufficient insurance coverage gave him a motive to deny liability for the plaintiff's fall.

[6] Subsequently, the plaintiff's counsel attempted to question Jennifer Sturgeon on the issue of fault and the existence of the insurance coverage. The court stated that the evidence of insurance "didn't come in for the truth of

error regarding Jennifer Sturgeon's testimony in his motion to set aside the verdict and for a new trial.

"Practice Book § 60-5 provides in relevant part that [t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . . Indeed, it is the appellant's responsibility to present such a claim clearly to the trial court so that the trial court may consider it and, if it is meritorious, take appropriate action. That is the basis for the requirement that ordinarily [the appellant] must raise in the trial court the issues that he intends to raise on appeal. . . . For us [t]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge. . . . We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal." (Citation omitted; internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 265, 828 A.2d 64 (2003). "The court may [however] in the interests of justice

it. It came in because there was an issue about that being her impression. . . . That's the only purpose for which . . . I admitted it, and as I understand it the only purpose for which the defendant followed up. And that's as far as you're going down that road." The plaintiff's counsel replied: "Understood, Your Honor. Medical insurance issue. Thank you. Understood."

During its charge to the jury, the court instructed that the presence, absence or amount of insurance available to the defendant were not a relevant consideration and that the evidence of such insurance was admitted only with respect to the plaintiff's claim that the defendant had a motive to deny liability. After charging the jury, the court asked both counsel whether they had any exceptions. The plaintiff's counsel did not mention Jennifer Sturgeon's testimony.

notice plain error not brought to the attention of the trial court." (Internal quotation marks omitted.) *Wilderman* v. *Powers*, 110 Conn. App. 819, 828, 956 A.2d 613 (2008).

Our review of the record leads us to conclude that the plaintiff has not preserved his claim that the court improperly admitted Jennifer Sturgeon's statement, denied him his right to cross-examine her and failed to provide appropriate curative instructions. The plaintiff initially failed to object to the testimony when it was introduced into evidence. When his counsel attempted to cross-examine Jennifer Sturgeon on the issues of fault or insurance, the court stated that the admissibility of her testimony was limited to showing the defendant's motive to deny liability. Counsel did not raise the issue of his right to cross-examine her and instead replied: "Understood, Your Honor. Medical insurance issue. Thank you. Understood." See footnote 6. Additionally, the plaintiff failed to raise any claims regarding Jennifer Sturgeon's testimony when the court afforded him an opportunity to take exceptions to its jury instructions or when he filed his motion to set aside the verdict and for a new trial.

We therefore conclude that the plaintiff has not preserved his claim of error regarding Jennifer Sturgeon's testimony. He also did not raise it on appeal pursuant to the plain error doctrine. See Practice Book § 60-5; *Gosselin* v. *Gosselin*, 110 Conn. App. 142, 157, 955 A.2d 60 (2008) ("[w]hen the parties have neither briefed nor argued plain error . . . we will not afford such review" [internal quotation marks omitted]). We therefore decline to review the plaintiff's claim of error regarding Jennifer Sturgeon's testimony.

The judgment is affirmed.

In this opinion the other judges concurred.