418 MEADOW STREET ASSOCIATES, LLC *v.*
ONE SOLUTION SERVICES, LLC
(AC 29856)

Gruendel, Beach and Alvord, Js.

Argued September 3—officially released October 20, 2009

*David Eric Ross*, for the appellant (defendant).

*Andrew M. McPherson*, with whom, on the brief, was *William J. Kupinse, Jr.*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, One Solution Services, LLC, appeals from the judgment of the trial court rendered in favor of the plaintiff, 418 Meadow Street Associates, LLC, following the court's denial of the defendant's motion to dismiss the complaint for lack of standing. On appeal, the defendant claims that the court improperly denied its motion to dismiss because (1) the commencement of the action was not properly authorized in accordance with the plaintiff's operating agreement, (2) the plaintiff failed to prove that the authorizing vote of one of its members was properly excluded under General Statutes § 34-187 (b) and (3) the plaintiff's mortgagee had exercised its right to collect rents due from the defendant to the plaintiff pursuant to a previously executed assignment of leases and rentals. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff, a limited liability company, commenced this action, alleging that it had leased premises located in Fairfield to the defendant and that the defendant had failed to pay rent and expenses as required under the terms of that lease. The defendant subsequently was defaulted for failure to plead, and the matter was scheduled for a hearing in damages. On February 29, 2008, the defendant filed a motion to dismiss the complaint on the ground that the plaintiff lacked standing to bring the action.

At the continuation of the hearing in damages held on March 3, 2008, the defendant argued that the court lacked subject matter jurisdiction over the plaintiff's claims because the action had not been authorized by Barbara Levine, a member of the plaintiff with a 50 percent ownership interest. The defendant claimed that the plaintiff lacked standing for that reason and for the additional reason that the plaintiff's mortgagee, People's Bank, had exercised its right to collect rents from the plaintiff's tenants pursuant to a previously executed assignment of leases and rentals. The court questioned the standing of the defendant to raise the issue of whether the plaintiff had obtained proper authorization to commence and to maintain the action. Both parties presented arguments addressing the standing of the plaintiff to bring the action and the standing of the defendant to challenge the plaintiff's standing, including the issue of whether the subject matter jurisdiction of the court was implicated. The hearing was further continued to March 17, 2008.

On March 17, 2008, the parties concluded their arguments on standing, and the court denied the defendant's motion to dismiss. No testimony or exhibits had been submitted to the court in support of or in opposition to the motion to dismiss. The defendant's claims regarding the plaintiff's operating agreement and the assignment

of leases and rentals had been presented by means of oral argument only. No evidentiary hearing had been held on the merits of those claims. In its ruling, the court clearly indicated that the basis for the denial was its conclusion that the defendant did not have standing to challenge the plaintiff's standing to commence and to maintain the action.[1] Accordingly, the court did not address the merits of the defendant's claims set forth in its motion to dismiss.

At the conclusion of the hearing in damages, the court rendered judgment in favor of the plaintiff and awarded $41,093.06 in damages. This appeal followed.

On appeal, the defendant claims that the court improperly denied its motion to dismiss because the plaintiff lacked standing to commence and to maintain the action. The defendant argues, as it did before the trial court, that the plaintiff did not comply with the terms of its operating agreement before commencing the present action, that the plaintiff did not prove that the failure to obtain the authorizing vote of Levine was excused under the circumstances of this case and that the plaintiff's mortgagee was the entity entitled to collect past due rents, if any, from the plaintiff's tenants. In short, the defendant is addressing the merits of its motion to dismiss. The problem, however, is the fact that the court never addressed the merits, and we will not address issues not decided by the trial court. *Southbury Land Trust, Inc.* v. *Andricovich*, 59 Conn. App. 785, 792, 757 A.2d 1263 (2000).

The motion to dismiss was denied solely on the ground that the defendant lacked standing to challenge the plaintiff's standing. For that reason, the only issue

---

[1] After noting that the defendant was a tenant of the plaintiff, not one of its members, the court concluded as follows: "I think that the [plaintiff], at this point, has the right to go forward only because the people who are disputing the issues in this case, in the court's opinion, do not have standing because they are not part of the [plaintiff], and, therefore, I will deny the motion to dismiss and we may proceed."

that could have been appealed is whether the court properly concluded that the defendant lacked standing to challenge the plaintiff's standing. In its appellate brief, however, the defendant's only reference to this issue is as follows: "The trial court essentially ruled that the defendant did not have the right to argue that the plaintiff lacked standing to commence and [to] maintain this action." On appeal, the defendant does not challenge the court's ruling with case law and analysis. Instead, the defendant proceeds to argue that the plaintiff lacked standing for the reasons previously set forth in its motion to dismiss, issues that had never been addressed or decided by the court.

Accordingly, because the defendant's brief is completely devoid of any argument addressed to the actual ruling of the court, we conclude that the only issue that could have been raised on appeal has been briefed inadequately, and we decline to afford it review.[2] "We are not obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." (Internal quotation marks omitted.) *Sturgeon* v. *Sturgeon*, 114 Conn. App. 682, 685 n.2, 971 A.2d 691, cert. denied, 293 Conn. 903, 975 A.2d 1278 (2009).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] We express no opinion as to the correctness of the court's conclusion that the defendant lacked standing to challenge the plaintiff's standing to commence and to maintain the action. Rather, we simply accept that conclusion for the purposes of this appeal because the defendant has not adequately challenged it. See *Broadnax* v. *New Haven*, 270 Conn. 133, 176 n.44, 851 A.2d 1113 (2004).