PATRICIA A. WEYANT *v.* JOHN M. KRISTY
(AC 31667)

Gruendel, Beach and Borden, Js.

Argued November 10, 2010—officially released January 18, 2011

*Glenn L. Formica*, for the appellant (plaintiff).

*Rene Gerard Martineau*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Patricia A. Weyant, appeals following the trial court's denial of her motion to set aside the verdict, rendered after a jury trial, in favor of the defendant, John M. Kristy. On appeal, the plaintiff claims that the court abused its discretion in denying her motion to set aside the verdict. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On February 18, 2006, at approximately 7 p.m., the defendant was traveling in his car on Dunbar Road in Milford. The defendant approached a stop sign at the intersection of Dunbar Road and New Haven Avenue and came to a stop. He peered down New Haven Avenue and saw the plaintiff's car at a distance, and, believing he had ample time to proceed through the intersection before her car approached, he started to drive through the intersection. After the defendant was approximately three fourths of the way through the intersection, he noticed that the plaintiff's car was very close to him. He then accelerated his car in an attempt to get through the intersection and to avoid a collision

with the plaintiff. The attempt was in vain, however, and the plaintiff's car struck the rear passenger's side of the defendant's car.

The plaintiff brought a negligence action against the defendant, seeking damages for the injuries that she claimed to have sustained as a result of the accident. In her complaint, the plaintiff alleged both statutory and common-law negligence against the defendant. In his answer, the defendant both denied the allegations of negligence and asserted an affirmative defense of comparative negligence, which was denied by the plaintiff. On October 14, 2009, the jury trial commenced. On October 15, 2009, the jury returned a verdict in favor of the defendant. The plaintiff filed a motion to set aside the verdict, which was denied on October 29, 2009. This appeal followed.

On appeal, the plaintiff claims that the court abused its discretion in denying her motion to set aside the verdict because the verdict was against the weight of the evidence. Specifically, the plaintiff points to a portion of the defendant's testimony at trial: "I was crossing New Haven Avenue, so I had stopped at the stop sign. I thought there was plenty of room for me to go, plenty of time before the next oncoming car. [I] got across the lane closer to myself, got most of the way across the opposite lane where [the plaintiff] was traveling, and I saw her headlights out of the corner of my eye coming toward me, so I attempted to accelerate to get the rest of the way through the intersection to get out of the way, and at that point she hit the passenger side . . . of my car." The plaintiff contends that this statement precluded the jury from returning a verdict in the defendant's favor because he essentially admitted that he was at fault to a greater extent than the plaintiff. The defendant argues, however, that the evidence submitted to the jury supports the verdict in his favor.[1]

---

[1] The defendant also argues that the general verdict doctrine precludes review of the plaintiff's claim. "The general verdict rule operates when a

We begin by setting forth our standard of review. "The standard of review governing our review of a trial court's denial of a motion to set aside the verdict is well settled. The trial court possesses inherent power to set aside a jury verdict [that], in the court's opinion, is against the law or the evidence. . . . [The trial court] should not set aside a verdict [when] it is apparent that there was some evidence [on] which the jury might reasonably reach [its] conclusion, and should not refuse to set it aside [when] the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles. . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) *Costanzo* v. *Gray*, 112 Conn. App. 614, 625–26, 963 A.2d 1039, cert. denied, 291 Conn. 905, 967 A.2d 1220 (2009).

In the present case, the defendant testified that he believed he could safely cross the intersection. He also

jury deliberates and returns a general verdict without special interrogatories. Under the general verdict doctrine, an appellate court will presume that the jury found every issue in favor of the prevailing party . . . and decline further appellate review. It operates, inter alia, *where there is a denial of the allegations of a complaint and the raising of a special defense by the defendant, and the claimed error affects one but not the other. . . .* Where there was an error free path available to the jury to reach its verdict, and no special interrogatories were submitted showing which road the jury went down, any judgment rendered on such a verdict must be affirmed." (Emphasis in original; internal quotation marks omitted.) *Sturgeon* v. *Sturgeon*, 114 Conn. App. 682, 686–87, 971 A.2d 691, cert. denied, 293 Conn. 903, 975 A.2d 1278 (2009).

In the present case, the jury did return a general verdict without special interrogatories. The defendant also denied the allegations of the plaintiff's complaint and raised the special defense of comparative negligence. The error claimed by the plaintiff, however, affects both the defendant's denial of the allegations of the complaint *and* his special defense: the plaintiff appears to claim that the defendant admitted both that he was negligent and that the plaintiff was minimally negligent, if at all. Accordingly, the facts of this case do not require application of the general verdict doctrine.

It is of course possible that the jury found no one credible, in which case the defendant properly would prevail.

testified that the plaintiff's car left skid marks on the road approximately eleven to sixteen feet long, that he did not hear the plaintiff sound her vehicle's horn prior to the collision and that the plaintiff's vehicle hit his car with enough force to turn it 180 degrees. Additionally, contrary to the plaintiff's contention, the defendant never conceded that the plaintiff was not speeding. He merely stated: "I don't know that [the plaintiff] was speeding. I would say probably at the speed limit. I wouldn't necessarily say that I know [the plaintiff] was speeding." Though perhaps helpful to the plaintiff, this statement also suggested that the defendant could not accurately testify as to the plaintiff's speed.[2]

Our review of the record shows that the jury reasonably could have reached its verdict. In addition to believing the defendant's testimony, the jury may well have found that the plaintiff was not credible. The defendant's testimony supported an inference that he was operating his vehicle as a reasonable person would have under the circumstances. There was also evidence that the plaintiff was driving inattentively or unreasonably fast and, thus, that she was more at fault than the defendant. In fact, the plaintiff's counsel admitted during oral argument before this court that there was sufficient evidence presented at trial for the jury to find the plaintiff 48 to 49 percent at fault but not more than 50 percent at fault. It defies reason to suggest that the court abused its discretion in refusing to set aside the verdict for the defendant when the plaintiff's counsel conceded that the jury reasonably could have found the plaintiff 49 percent at fault. As this court has stated: "[T]he trial court is uniquely situated to entertain a

---

[2] The defendant testified that at the time he entered the intersection, his impression was that he had ample time to cross safely and that the plaintiff unexpectedly hit his car before he was able to make it through the intersection. From this testimony, a jury reasonably could have inferred that the plaintiff was traveling at an unreasonable speed.

motion to set aside a verdict as against the weight of the evidence because, unlike an appellate court, the trial [court] has had the same opportunity as the jury to view the witnesses, to assess their credibility and to determine the weight that should be given to their evidence. . . . [T]he trial judge can gauge the tenor of the trial, as we, on the written record cannot, and can detect those factors, if any, that could improperly have influenced the jury." (Internal quotation marks omitted.) *State* v. *Scott C.*, 120 Conn. App. 26, 38, 990 A.2d 1252, cert. denied, 297 Conn. 913, 995 A.2d 956 (2010). Accordingly, we conclude that there was ample evidence presented at trial to support the jury's verdict.

The judgment is affirmed.