******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JPMORGAN CHASE BANK, N.A. *v.* GEORGE N.
GEORGITSEAS, ET AL.
(AC 35559)

Bear, Sheldon and Schaller, Js.

*Argued March 3—officially released April 29, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J.)

*Genevieve P. Salvatore,* for the appellant (named
defendant).

*Laura Pascale Zaino,* with whom, on the brief, was
*Brian D. Rich,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant George N. Georgitseas[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, JPMorgan Chase Bank, N.A. On appeal, the defendant makes three claims pertaining to the court's reliance on a "drive-by" or "exterior-only" appraisal dated more than 120 days before the date of the judgment in its calculation of the subject property's fair market value. We conclude that the defendant has failed to preserve any of his claims for appellate review, and we accordingly affirm the judgment of the trial court.

"Practice Book § 60-5 provides in relevant part that [t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . . Indeed, it is the appellant's responsibility to present a claim clearly to the trial court so that the trial court may consider it and, if it is meritorious, take appropriate action. That is the basis for the requirement that ordinarily [the appellant] must raise in the trial court the issues that he intends to raise on appeal. . . . For us [t]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge. . . . We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal." (Internal quotation marks omitted.) *Sturgeon* v. *Sturgeon*, 114 Conn. App. 682, 693, 971 A.2d 691, cert. denied, 293 Conn. 903, 975 A.2d 1278 (2009).

We carefully have reviewed the trial court file, including but not limited to the transcripts of the relevant proceedings, and we cannot find any notice to and opportunity for review by the trial court of any of the defendant's three claims raised in this appeal. During oral argument before this court, we asked the defendant on what basis we could hear these claims for the first time on appeal. The defendant did not assert that he had properly preserved the claims for appellate review; he, instead, argued that the state of the law and the trial court's alleged failure to perform its gatekeeping function should compel this court to review his claims, regardless of whether they properly were preserved. In light of our longstanding precedent requiring claims to be made initially in the trial court, and the defendant's failure to provide any valid explanation for his failure to do so in this case, we have no alternative except to affirm the judgment.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

<hr/>

[1] RBS Citizens, N.A., also was named as a defendant but is not involved in this appeal. We therefore refer in this opinion to George N. Georgitseas as the defendant.